PARKER, Judge.
The Housing Authority of the City of St. Petersburg, Florida, C. Patricia Alsup, James R. Gillespie, Effie Alexander, Paul W. Buswell, Thomas L. Dennis, Arthur Ross, III, and Ann R. Worthington appeal a temporary injunction, enjoining appellants from conducting a pretermination hearing for Edward White unless the hearing follows the procedures codified in the existing personnel policy manual. We reverse.
The Housing Authority is a public body which administers public housing programs in the city. White has served as the executive director of the Housing Authority since 1984. Following reports from the United States Department of Housing and Urban Development of serious irregularities in the administration of the Housing Authority, the Board of Commissioners of the Housing Authority voted to remove White from his position with continuing pay.
White filed a complaint seeking temporary and permanent injunctive relief to require the board to reinstate him to his position and duties and to prevent the board from taking any further adverse employment action against him without affording him all process to which he was due. White alleged that the Housing Authority had deprived him of valid property and liberty interests. The trial court denied the request for temporary injunctive relief, finding that although White had a property interest in his employment, due process protections were not applicable because White had been removed from his position with pay.
Three months later the board for the Housing Authority voted unanimously to hold a pretermination hearing. Counsel for the Housing Authority notified White by correspondence to his attorney of the *719 scheduled pretermination hearing, including the proposed grounds for termination.
The personnel committee of the board of the Housing Authority reviewed its existing policies and procedures, including rule 13.06 of the board’s personnel policy manual, and decided that these policies and procedures did not address or contemplate pre-disciplinary procedures for exempt employees.[1] The personnel policy of the Housing Authority in sections 13.05 and 13.06 stated:
13.05 STATUS OF EMPLOYMENT GRIEVANCES FOR EXEMPT EMPLOYEES
Exempt employees shall not be eligible to submit formal grievances on status of employment issues. However, exempt employees who have been discharged are entitled to due process hearings in reference to such discharge before the Board of Commissioners. Any such grievance must be submitted within fifteen calendar days of the affected exempt employee’s dismissal.
13.06 MINIMUM REQUIREMENTS OF HEARINGS
All hearings involving status of employment issues, whether involving exempt or non-exempt employees, shall meet the following minimum requirements:
a. The aggrieved employee shall be entitled to a hearing at which he/she makes a personal appearance before the party(s) conducting such hearing;
b. The aggrieved employee shall be entitled to receive in writing before such hearing a detailed list of reasons for the action taken against him/her;
c. The aggrieved employee shall be entitled to see at the hearing all evidence against him/her leading to the decision affecting such employee’s employment status, and/or to confront and question any witness against him/her;
d. The aggrieved employee must be afforded suitable opportunity to rebut evidence against him/her and to present whatever defense he/she elects to present;
e.The aggrieved party has a right to be represented by counsel or other representative of his/her choosing.
Because of the allegedly inadequate rules, the personnel committee recommended, and the board unanimously adopted, “Pre-Disciplinary Procedures,” which the board forwarded to White’s attorney. The board of the Housing Authority notified White’s attorney that these would be the procedures utilized at the scheduled pretermination hearing. These newly adopted rules do not contemplate presentation of testimony of witnesses through questioning. Instead, management would be permitted to present to the board of the Housing Authority its grounds for the recommended termination of White and the factual basis for that recommendation. White then would be given an opportunity to respond.
White filed a second motion for temporary injunction to prevent the scheduled pretermination hearing from being conducted in accordance with the newly adopted predisciplinary procedures. The trial court found that White has a property interest in his employment and indefinitely enjoined the pretermination hearing unless held pursuant to the Housing Authority’s former rule 13.06. We conclude the issuance of the injunction was error.
The movant for a temporary injunction must allege and prove irreparable harm, a clear legal right, and an inadequate remedy at law, and in some cases the movant must prove that a temporary injunction will serve the public interest. Wilson v. Sandstrom, 317 So.2d 732, 736 (Fla.1975), cert. denied, 423 U.S. 1053, 96 S.Ct. 782, 46 L.Ed.2d 642 (1976); Chicago Title Ins. Agency of Lee County v. Chicago Title Ins. Co., 560 So.2d 296 (Fla. 2d DCA 1990). White failed to meet this burden.
The Housing Authority contends that White is an at-will employee and has no *720 property interest in his continued employment. Although the trial court made the determination that White has a property interest in his employment protected by the Fourteenth Amendment, the record before this court is inadequate to support that determination.
Assuming however that White has a property interest in his continued employment with the Housing Authority, the newly adopted pretermination procedures would afford him sufficient due process under the Fourteenth Amendment. See Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). In Loudermill, the Supreme Court held that “all the process that is due is provided by a pretermination opportunity to respond, coupled with post-termination administrative procedures.” 470 U.S. at 547-48, 105 S.Ct. at 1496. In reaching this conclusion, the Court found that since the employee was entitled to a full posttermination hearing under state law, the pretermination hearing need not resolve definitively the termination. The employee simply is entitled pretermination to notice of the charges against him, an explanation of the employer’s evidence, and an opportunity to respond.
In this case, the board for the Housing Authority notified White of the charges against him and the grounds for its action. White is entitled to respond to the Housing Authority’s charges against him pursuant to the newly adopted predisciplinary procedures. He also is entitled to a posttermination hearing pursuant to the personnel policy manual. Thus, White will be afforded adequate due process in this case.
Although the trial court’s order does not address specifically White’s claim of a deprivation of a liberty interest without due process, we find that White does have a protectible liberty interest in not being publicly stigmatized in the course of his discharge. See Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Again, however, White will not be deprived of this liberty interest without due process because he is entitled to a posttermination hearing, whereat he will have the opportunity to clear his name. See Codd v. Velger, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977); Buxton v. City of Plant City, 871 F.2d 1037 (11th Cir.1989).
Therefore, we find that White has not been deprived of any property or liberty interest without due process of law. Based on this finding, we conclude that White is not entitled to injunctive relief because he has failed to show that he would be injured irreparably if the newly adopted prediscipli-nary procedures are followed.
Reversed and remanded for proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and FRANK, J., concur.

. White alleges, and the appellants do not contest, that White was an exempt employee. This record does not define an exempt employee.