ALTENBERND, Judge.
The defendants appeal a temporary injunction that gives the plaintiffs customers access to the defendants’ restrooms. We reverse because the plaintiff did not establish a clear legal right to this relief in its complaint and at the hearing on its motion for a temporary injunction. Wilson v. Sandstrom, 317 So.2d 732 (Fla.1975), cert. denied, 423 U.S. 1053, 96 S.Ct. 782, 46 L.Ed.2d 642 (1976); Housing Auth. of City of St. Petersburg v. White, 617 So.2d 717 (Fla. 2d DCA 1993).
For many years, The Azure Tides Resort on Lido Beach has attracted tourists to Sarasota County. This case arises out of a complex series of real estate transactions beginning in 1985, which were designed to restructure the ownership of the property and finance its renovation. As a result of these changes, the ownership of the resort’s beach bar was severed from the surrounding hotel property. The defendants own the resort, and the plaintiff owns the beach bar.
The beach bar is not an elaborate structure and does not have its own bathrooms or storage area. Initially, the resort owners allowed the bar owner to use the resort’s poolhouse bathrooms and nearby storage areas. Then in mid-1994, the resort owners announced that they were closing the bathrooms during renovations and would not allow the bar patrons or employees access to them in the future. This created a crisis for the bar because it could not operate without restrooms and would lose its liquor license if it were closed for more than 120 days. The bar owner filed this action to gain access to the bathrooms and storage area so that it could reopen and preserve its liquor license. At the conclusion of a hearing on the emergency motion, the trial court granted a temporary injunction giving the bar owner this relief.
We see no precedential value in describing the legal complexities of these real estate transactions. The plaintiffs complaint alleges only two theories in support of its request for injunctive relief. One count alleges tor-tious interference by the resort owners in the business relationship between the bar and its patrons. A second count alleges breach of express covenants in certain declarations of condominium that gave the bar owner specif *1128 ic easement rights. However, no language in the declaration of condominiums, the deed, or other documents in the record expressly gives the bar owner a clear legal right to access to the restrooms and storage area. A recent mortgage suggests that earlier documents were intended to grant such an easement, but those documents do not unambiguously establish such an easement. The complaint does not seek declaratory relief to resolve any ambiguity in the documents, nor does it seek to establish an implied easement. Thus, the bar owner did not establish a clear legal right to relief on the theories it alleged in the complaint, or a substantial likelihood that it would eventually prevail on the merits. See Cushman & Wakefield, Inc. v. Cozart, 561 So.2d 368 (Fla. 2d DCA 1990).
Although we reverse the temporary injunction, we note that the resort owners are risking a substantial monetary judgment merely to close a bar a short time before the relevant legal controversy could be resolved in court. The bar owner has not yet established a clear legal right to access to these bathrooms, but it appears entirely possible that it may establish such a right. If the bar owner establishes a legal right to access to the bathrooms after it has lost its liquor license because the resort unilaterally decided to close the bathrooms, the resort owners may regret their haste.
Reversed and remanded.
PATTERSON, A.C.J., and LAZZARA, J., concur.