SHANNON, Acting Chief Judge.
This is an interlocutory appeal from an order denying appellants’ motion to dismiss the appellees’ complaint for injunctive relief. The only defendants joined in the complaint are these appellants, husband and wife, doing business as Hale’s Sundries. The complaint seeks to enjoin the defendants from operating their business pursuant to a license issued under authority of Ch. 65-1125, a Special Act of the Legislature, alleged by the plaintiffs to be unconstitutional. The plaintiffs allege that defendants’ liquor sales were causing irreparable injury and damaging plaintiffs’ business, that they are without an adequate remedy at law, and further, that irreparable harm will continue because of the closeness of the defendants’ business, only three blocks from the plaintiffs’ establishment. Plaintiffs prayed for a permanent injunction and for the issuance of a temporary injunction. On hearing, temporary injunction was issued.
Defendants moved to dismiss on the grounds that the complaint failed to state a cause of action and that the parties plaintiff were not the proper parties to maintain the action. The court denied the motion and it is that order which is here appealed.
*641 The defendants have assigned as error the following grounds: 1. Plaintiffs have a remedy at law. 2. The complaint fails to join indispensable parties. 3. Plaintiffs have no standing, as liquor vending licensees, to obtain injunctive relief. 4. Plaintiffs failed to plead specifically and clearly that the defendants were causing them, or would cause them, irreparable injury.
It should be noted from the outset that failure to join indispensable parties is one of the defenses that is not waived. Rule 1.11, Fla.R.Civ.P., 30 F.S.A.
 The relief prayed for in the complaint depends on a primary determination of whether or not the statute is unconstitutional. The crux of the complaint insofar as the injunction is concerned ought to be a prayer to enjoin the enforcement of the statute and such injunction would be directed to those state agencies charged with enforcing the law. The state, then, would have an opportunity to defend and attempt to uphold the constitutionality of the statute. As the matter stands in its present posture, the defendants are enjoined, albeit temporarily, from operating under a license issued pursuant to a law still valid until directly ruled otherwise. Complainants, to determine the constitutionality of the Special Act and the question of whether or not the defendants’ license is therefore legal, ought to have brought a declaratory action, or if they are fearful that they are being presently irreparably damaged, an action to enjoin the enforcement of the Act and to enjoin the defendants from operating under the license issued pursuant to the Act. The traditional procedure by which to test the validity of and secure relief against the immediate or prospective adverse effect of an allegedly invalid statute is by a suit in equity to enjoin its enforcement. Board of Commissioners of State Institutions v. Tallahassee Bank & Trust Co., Fla.App.1958, 100 So.2d 67. This the complainants have not done. The injunction sought was not to enjoin the enforcement of the statute but rather to enjoin individuals from enjoying the benefits of the statute. The action so brought gave no opportunity for the state to defend the statute. The prohibition against collateral attack of an allegedly invalid statute is to insure due process of law. Board of Commissioners of State Institutions v. Tallahassee Bank & Trust Co., supra. Likewise is due process here involved.
Also, equity jurisdiction must properly be invoked in order to sustain enjoining the enforcement of a statute. If the plaintiffs rely on irreparable injury, such must be shown within the usual definition so as to be cognizable by equity. The irreparable injury alleged in the subject complaint (which complaint is defective for other reasons, as above outlined) merely alleges loss of business because of a competitor. Professional Golfers Association of America v. Bankers Life & Casualty Company, Fla.App.1964, 166 So.2d 488, cites with approval Florida Jurisprudence for the proposition that the mere diminution in the value of property, without irreparable mischief, will not in general furnish foundation for equitable relief, and further that general allegations of irreparable injury are not sufficient to warrant the granting of relief by injunction.
While the order appealed is reversed with directions to dismiss the complaint with leave to amend and to dissolve the temporary injunction issued pursuant to said complaint, it would be well for the plaintiffs to bear in mind the necessity for more than general allegations of irreparable injury.
Reversed.
LILES and HOBSON, JJ., concur.