212 So.2d 365 (1968)
TAMIAMI TRIAL TOURS, INC., Appellant,
v.
GREYHOUND LINES, INC., SOUTHERN GREYHOUND LINES DIVISION, a California Corporation, Appellee.
No. 1719.
District Court of Appeal of Florida. Fourth District.
June 27, 1968.
Rehearing Denied August 9, 1968.
*366 James E. Wharton and Bruce C. Starling of Akerman, Senterfitt, Eidson, Mesmer, Robbinson & Wharton, Orlando, for appellant.
John H. Wilbur and Wayne K. Ramsay of Milam, Ramsay, Martin & Ade, Jacksonville, for appellee.
WALDEN, Chief Judge.
This is an interlocutory appeal directed toward an order granting a temporary injunction.
Plaintiff, Greyhound Lines, Inc., filed a complaint against Tamiami Trail Tours, Inc., seeking to prevent Tamiami from operating its bus service over that portion of the Sunshine State Turnpike between Fort Lauderdale and Yeehaw Junction.
Without framing the sophisticated issues that underlie, it is sufficient to note that the complaint alleged that Greyhound had certificated authority to operate over the Turnpike and that Tamiami did not; that Tamiami intended to initiate operations between West Palm Beach and Orlando over the Turnpike; and that Greyhound was thereby entitled to a temporary injunction restraining Tamiami.
After hearing, a temporary injunction was granted restraining Tamiami from use of the Turnpike between Fort Lauderdale and Yeehaw Junction. The order found that "use of a portion of the Parkway by Tamiami will result in irreparable damage to Greyhound, for which it has no adequate remedy at law. It is obvious that the unauthorized use of a bus route by a competitor would result in irreparable damage to the authorized user."
We hold this finding to be erroneous and therefore reverse.
The general function of a temporary injunction is to preserve the status quo until full relief can be granted following a final hearing.[1] It is conceded by Greyhound that Tamiami has operated over the Turnpike between Fort Lauderdale and Orlando for some three years. Thus, the effect of the injunction was to disturb rather than preserve the status quo.
In order to support the granting of a temporary injunction it is also necessary for plaintiff to demonstrate irreparable injury; injury which cannot be redressed in a court of law.[2] Mere loss of business because of a competitor will not suffice.[3] Any loss Greyhound might suffer as a result of Tamiami's operation over the route in question could be easily documented by ticket sales and use, and damages assessed after final hearing.
*367 Because the temporary injunction has materially disturbed the status quo prior to a final hearing and adjudication upon the merits, and no irreparable damage has been shown, we reverse that portion of the order appealed granting temporary injunction against Tamiami.
Reversed.
REED and OWEN, JJ., concur.
NOTES
[1] North Dade Water Co. v. Adken Land Co., Fla.App. 1959, 114 So.2d 347.
[2] Stoner v. South Peninsula Zoning Commission, Fla. 1954, 75 So.2d 831; Egan v. City of Miami, 1938, 130 Fla. 465, 178 So. 132.
[3] Daniel v. Williams, Fla.App. 1966, 189 So.2d 640; see also Professional Golfers Ass'n v. Bankers Life & Cas. Co., Fla. App. 1964, 166 So.2d 488.