560 So.2d 296 (1990)
CHICAGO TITLE INSURANCE AGENCY OF LEE COUNTY, INC., a Florida Corporation, Appellant,
v.
CHICAGO TITLE INSURANCE CO., a Missouri Corporation Registered to Do Business in the State of Florida, Appellee.
No. 89-02437.
District Court of Appeal of Florida, Second District.
April 18, 1990.
*297 Robert W. Merkle of Merkle and Magri, P.A., Tampa, and Diane E. McGill of Turk and Shipp, Cape Coral, for appellant.
J. Jeffrey Rice of Goldberg, Goldstein & Buckley, P.A., Fort Myers, for appellee.
THREADGILL, Judge.
Appellant, Chicago Title Insurance Agency of Lee County (Chicago Title of Lee County), appeals the denial of its motion to dismiss the complaint for injunction filed by Chicago Title Insurance Company (Chicago Title) and also appeals the preliminary mandatory injunction issued by the trial court. We dismiss, for lack of jurisdiction, the appeal from the order denying the motion to dismiss, but reverse the preliminary mandatory injunction.
Our jurisdiction to consider nonfinal orders is limited by court rule. Perimeter Investments, Inc. v. Amerifirst Development Co. of Central Florida, Inc., 423 So.2d 586 (Fla. 1st DCA 1982); see also Fla.R.App.P. 9.130(a)(3) and Art. V, sec. 4, Fla. Const. An order granting an injunction is an appealable nonfinal order, Fla.R. App.P. 9.130(a)(3)(B), however an order denying a motion to dismiss is not appealable until after final judgment. Seigle v. Barry, 422 So.2d 63 (Fla. 4th DCA 1982), rev. den., 431 So.2d 988 (Fla. 1983); see Fla.R. App.P. 9.130. This is true even when the motion to dismiss is appealed in conjunction with an appealable nonfinal order. Id. We, therefore, consider on this appeal only the order granting the preliminary mandatory injunction.
Chicago Title is a Missouri corporation which has been underwriting title insurance policies in Florida since 1963; it was incorporated in Florida in 1972. Chicago Title of Lee County has been issuing title policies with the word "Chicago" in its name since its inception in 1971.
Chicago Title of Lee County contends that the court issued the injunction without sufficient evidence of irreparable injury. The purpose of a preliminary injunction is to preserve the status quo which existed before the controversy, not to take sides. Lieberman v. Marshall, 236 So.2d 120, 125 (Fla. 1970). The status quo which will be preserved by a preliminary injunction is the last, actual, peaceable, noncontested condition which preceded the pending controversy. Id., citing Bowling v. National Convoy & Trucking Co., 135 So. 541, 544 (Fla. 1931). The status quo which existed for twelve years preceding Chicago Title's suit for injunction and which should have been preserved pending a final hearing was the use of the word "Chicago" by both title companies. Requiring Chicago Title of Lee County to cease using the word, to destroy all printed matter containing the word, and to disassociate itself in every other way from Chicago Title until the final hearing was to take sides in the controversy and disturb the status quo.
*298 A preliminary mandatory injunction is proper where irreparable harm will result unless the status quo is maintained, where a party has a clear legal right to the relief and no adequate remedy at law, and, in certain cases, where the public interest is a factor. Martin v. Pinellas County, 444 So.2d 439 (Fla. 2d DCA 1983) (contaminated landfill threatening well field constitutes irreparable injury). Mere loss of business because of competition will not suffice to demonstrate irreparable injury. Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., 212 So.2d 365 (Fla. 4th DCA 1968). Tamiami holds that it was error to grant a temporary injunction preventing a competitor's buses from operating over a particular route where the competitor had been operating for three years because damage was not irreparable and the status quo was disturbed rather than preserved. Id.
Chicago Title's complaint alleges that irreparable harm would result from the public's confusion of the two companies and the necessity for multiple lawsuits for redress of damages. We note, however, that Chicago Title has allowed the public to be confused for twelve years and has not explained why the confusion has now become an emergency justifying a preliminary injunction. Multiple lawsuits will not spring up before the final hearing on the complaint.
Neither allegation of irreparable harm justifies the preliminary injunction. Moreover, Chicago Title presented no additional evidence of irreparable harm at the preliminary hearing. Therefore, we reverse the order granting a preliminary mandatory injunction and remand with leave to pursue a permanent injunction.
Dismissed in part; reversed in part and remanded.
RYDER, A.C.J., and FRANK, J., concur.