650 So.2d 173 (1995)
The STATE of Florida, AGENCY FOR HEALTH CARE ADMINISTRATION; Douglas Cook, in his official capacity as Director of the Agency for Health Care Administration; and Transportation Contract Services, Inc., Appellants,
v.
CONTINENTAL CAR SERVICES, INC., a Florida corporation; Marion P. Marshall and George E. Marshall, d/b/a Sureway Cab Co.; William Biers and Elaine Biers, d/b/a Zephyr Cab; Long's Cab, Inc., a Florida Corporation; William R. Mathews and Beverly Sue Mathews, d/b/a Imperial Taxicab Co.; Steven A. Zimmerman, d/b/a Coastal Car Service; and Betty Walters, n/k/a Betty W. Ashby, d/b/a Yellow Cab of Dade City; and Pasco County, Florida, Appellees.
No. 94-00647.
District Court of Appeal of Florida, Second District.
February 8, 1995.
*174 Heidi E. Garwood, Tallahassee, for appellants State of Florida Agency for Health Care Admin. and Douglas Cook.
Eddy R. Resnick, Gold Resnick & Segall, P.A., Tampa, for appellant Transp. Contract Services, Inc.
Gerald A. Figurski, Martin, Figurski & Harrill, New Port Richey, for appellees Continental Car Services, Inc.; Marion P. Marshall and George E. Marshall, d/b/a Sureway Cab Co.; William Biers and Elaine Biers, d/b/a Zephyr Cab; Long's Cab, Inc.; William R. Mathews and Beverly Sue Mathews, d/b/a Imperial Taxicab Co.; Steven A. Zimmerman, d/b/a Coastal Car Service; and Betty Walters, n/k/a Betty W. Ashby, d/b/a Yellow Cab of Dade City.
Karla A. Stetter, Chief Asst. County Atty., New Port Richey, for appellee Pasco County.
PARKER, Judge.
Appellants, the State of Florida Agency for Health Care Administration (Agency), Douglas Cook, and Transportation Contract Services, Inc. (TCSI), appeal the trial court's issuance of a temporary injunction in favor of Continental Car Services, Inc., and other plaintiffs (collectively referred to as Continental), and Pasco County (County), enjoining the Agency and TCSI from implementing a contract which granted TCSI the exclusive right to provide transportation services to Medicaid recipients. Because Continental failed to prove two of the elements necessary for issuance of a temporary injunction, we reverse.[1]
For years the state, through the Department of Health and Rehabilitative Services (HRS), provided Medicaid benefits to qualified residents in every county of the state, which included transportation to and from qualified medical appointments. Prior to the contract between the Agency and TCSI, a number of taxicab companies provided transportation for Medicaid ambulatory patients in Pasco County and ambulances and other specially equipped vehicles provided by other companies provided transportation for nonambulatory recipients. Any individual or company that desired to provide transportation to ambulatory Medicaid recipients in Pasco County applied to HRS and, if approved by HRS, the parties entered into a contract.
In 1993 the state transferred responsibilities of the Medicaid program from HRS to the Agency. The Agency issued a request *175 for proposal for transportation services to Medicaid recipients. The entity awarded the contract was to provide, at state expense, all transportation for Medicaid recipients to and from qualified medical appointments. The Agency received two proposals and announced its intent to award the contract to TCSI. The effective date of the contract was December 1, 1993. After the Agency announced its intent to award, TCSI, together with its approved subcontractors, committed resources by acquiring equipment, purchasing vehicles, and hiring personnel to meet the contract's commencement date.
Continental filed for declaratory and injunctive relief and sought to enjoin implementation of the contract, alleging that the Agency had no authority to enter into the contract because such authority rested with the Pasco County Board of County Commissioners, the designated Community Transportation Coordinator for Pasco County. The trial court entered a temporary injunction barring the Agency and TCSI from going forward with the contract.
In this appeal, Continental and the County argue that the Board of County Commissioners, as Community Transportation Coordinator pursuant to Chapter 427, Florida Statutes, has the exclusive authority to deliver transportation services for the transportation disadvantaged, including implementing and executing contracts for transportation operators to provide such services. The Agency and TCSI assert that Chapter 409, Florida Statutes, expressly provides that the Agency shall provide transportation services for qualified Medicaid recipients and authorizes the Agency to enter into contracts for transportation of recipients.
A temporary injunction is an extraordinary remedy and should be granted sparingly and only after the moving party has alleged and proven facts entitling it to relief. Hiles v. Auto Bahn Federation, Inc., 498 So.2d 997 (Fla. 4th DCA 1986). In order for a temporary injunction to be granted, the party seeking the injunction must prove the following: (1) the party will suffer irreparable harm unless the status quo is maintained; (2) there is no adequate remedy at law; (3) the party has a clear legal right to the relief granted; and (4) a temporary injunction will serve the public interest. South Florida Limousines, Inc. v. Broward County Aviation Dep't, 512 So.2d 1059 (Fla. 4th DCA 1987). The general function of a temporary injunction is to preserve the status quo until full relief can be granted following a final hearing. Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., 212 So.2d 365 (Fla. 4th DCA 1968). We conclude that Continental did not prove the elements of irreparable harm and no adequate remedy at law and, therefore, reverse.
In its complaint, Continental alleged that the operators would suffer irreparable harm if an injunction was not issued because the operators may not be able to recover damages from the state for the monetary and other injury they would suffer if the Agency and TCSI had illegally executed a contract. Continental further alleged that they had no adequate remedy at law. At the hearing on the motion for temporary injunction, Continental argued that their operators' income and businesses would be destroyed as a result of the contract between the Agency and TCSI. Continental further argued that the amount of damages would be impossible to ascertain and are of the character that cannot be estimated in dollars and cents. The trial court agreed with Continental and issued the temporary injunction.
We agree with the Agency and TCSI that the trial court erred in concluding that Continental would suffer irreparable injury. Other than money damages and loss of business to a competitor, Continental provided no evidence of irreparable injury or injury for which there was no adequate remedy at law. In South Florida Limousines, Inc., the Fourth District Court held that mere loss of business because of a competitor will not suffice to demonstrate irreparable injury. See also Tamiami Trail Tours, Inc..
Further, an injunction will not lie where there is an adequate remedy at law. South Florida Limousines, Inc.. At the hearing on the motion for temporary injunction, Continental's representative testified that his company had been in business for about a year and one-half and that eighty-five to ninety-five percent of his business involved Medicaid transportation. He further *176 testified that he did not know how much money Continental may lose as a result of its inability to transport Medicaid patients. Continental's certified public accountant testified that it would be virtually impossible to determine what damages the plaintiffs would suffer as a result of the contract between the Agency and TCSI. However, a representative of the Agency testified that department records reflected the exact amount of money paid to Continental and the other plaintiffs for past services.
We conclude that this case is factually similar to South Florida Limousines, Inc. and Tamiami Trails wherein the Fourth District found there was an adequate remedy at law. Based on the Agency's representations, there were adequate records to determine the monetary loss Continental and the other transporters would suffer as a result of the contract. That data, together with the books and records from the plaintiffs, would provide adequate information to ascertain their monetary loss. Accordingly, we conclude that plaintiffs have an adequate remedy at law.
Because we reverse for failure to establish irreparable injury and no adequate remedy at law, we need not address whether the remaining requisite elements for issuance of a temporary injunction were satisfied. We reverse the temporary injunction and remand this case to the trial court.
FRANK, C.J., and THREADGILL, J., concur.
NOTES
[1] The County did not participate at the hearing for temporary injunction and, therefore, waived the arguments it now raises on appeal.