667 So.2d 880 (1996)
LIBERTY FINANCIAL MORTGAGE CORPORATION, a Florida corporation, and Jarrell Britts, Appellants,
v.
Ronald E. CLAMPITT, Appellee.
No. 95-01903.
District Court of Appeal of Florida, Second District.
February 2, 1996.
Sidney W. Kilgore of Sidney W. Kilgore, P.A., Clearwater, for Appellants.
G. Barry Wilkinson of Lefter, Cushman & Wilkinson, P.A., St. Petersburg, for Appellee.
RYDER, Acting Chief Judge.
Liberty Financial Mortgage Corporation ("Liberty") and Jarrell Britts seek review of a temporary injunction entered against them. We reverse the injunction.
Essentially, this lawsuit is a dispute between Mr. Britts and Mr. Clampitt over the *881 assets of Liberty. Mr. Britts contends he is the sole director and shareholder of the company; Mr. Clampitt, however, claims he is also a shareholder. In January 1995, the lower court decided that the case would be tried on a bifurcated basis. The first phase of the trial, originally scheduled for April 1995, would address the issue of whether Clampitt was a shareholder in Liberty. If the jury determined he was, discovery would proceed, and all remaining issues, including damages, would be tried in the second phase. The first phase of trial was subsequently rescheduled for June 1995.
Sometime before April 13, 1995, Clampitt discovered that Britts had filed articles of dissolution for Liberty with the Florida Secretary of State in December 1994. Clampitt sought a temporary injunction to prevent Britts from dissolving Liberty and distributing its assets, and to require Britts to return corporate assets already distributed, to post a bond in the amount of $125,000.00 to protect the corporation and to turn over all Liberty's assets and corporate records to Clampitt pending resolution of the suit. In Clampitt's memorandum of law in support of his motion, and at the April 19, 1995, hearing on the motion, the argument centered on his request to stop the dissolution of Liberty. He argued that April 20, 1995 was the last day the dissolution of the corporation could be revoked pursuant to section 607.1404, Florida Statutes (1993). While Clampitt mentioned his other requests for relief, he did not present any legal argument on his entitlement to them. The court's oral rulings were as follows: "I am going to issue the injunction...." "Reverse the wheels on dissolution." "I want this thing returned to its status quo as of the date that somebody tried dissolving it." "I want it reinstated. I want the corporate assets put back in the corporate name."
After the hearing, but before he entered the written injunction, the trial judge recused himself. Also after the hearing, counsel for Clampitt conceded that Clampitt had executed articles of revocation of the dissolution of Liberty, which stated that the revocation of dissolution had been approved by the shareholders of the corporation on April 13, 1995 and that the articles of revocation were to be effective on that date. The articles were filed with the Florida Secretary of State on April 14, 1995.
The trial court's written temporary injunction gave Clampitt all the relief he requested in his motion. The general function of a temporary injunction is to preserve the status quo until full relief can be granted in a final hearing. Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., Southern Greyhound Lines Division, 212 So.2d 365 (Fla. 4th DCA 1968) Such an injunction is an extraordinary remedy. It should be granted only sparingly and only after the moving party has alleged and proved facts entitling it to relief. State Agency for Health Care Administration v. Continental Car Services, Inc., 650 So.2d 173, 175 (Fla. 2d DCA 1995); Hiles v. Auto Bahn Federation, Inc., 498 So.2d 997 (Fla. 4th DCA 1986). The party seeking the injunction must prove: (1) it will suffer irreparable harm unless the status quo is maintained; (2) there is no adequate remedy at law; (3) the party has a clear legal right to the relief granted; and (4) a temporary injunction will serve the public interest. Continental Car. Moreover, the trial court's order must contain "[c]lear, definite, and unequivocally sufficient factual findings [to] support each of the four conclusions necessary to justify entry of a preliminary injunction." City of Jacksonville v. Naegele Outdoor Advertising Co., 634 So.2d 750, 754 (Fla. 1st DCA 1994), approved, 659 So.2d 1046 (Fla.1995).
The only finding in the injunction here that addressed the four criteria necessary for issuance was that "[d]issolution of said corporation and termination of the going business concern results in irreparable injury to the corporation and wasting of the corporate assets, all of which diminishes the value of the stock of the corporation." The court did not address any of the other three criteria. Of particular importance to this case is the requirement that Clampitt prove he is entitled to the relief requested. This point was not addressed in detail in either Clampitt's memorandum in support of his motion or at the hearing. The order does not address the issue of whether Clampitt is likely *882 to succeed on the merits of his allegation that he is a shareholder of the corporation. If he is not a shareholder, he has no right to the relief granted in the injunction.
We also note that this order was entered after the trial judge recused himself. A recused judge may properly enter an order reducing an oral ruling made before recusal to writing. Fischer v. Knuck, 497 So.2d 240 (Fla.1986); Airborne Cable Television, Inc. v. Storer Cable TV of Florida, Inc., 596 So.2d 117 (Fla. 2d DCA 1992). The court exceeded its authority in entering a written injunction that went well beyond its oral ruling.
Reversed and remanded.
ALTENBERND and QUINCE, JJ., concur.