677 So.2d 79 (1996)
Dan DURYEA, Appellant,
v.
James SLATER, Appellee.
No. 94-04217.
District Court of Appeal of Florida, Second District.
July 19, 1996.
*80 David A. Townsend of Townsend & Brannon, Tampa, for Appellant.
Robert E. Wiggins, Palm Harbor, for Appellee.
PER CURIAM.
Dan Duryea appeals the temporary injunction removing the hold on the checking account of Duryea and Slater, P.A., and preventing his access to that account. We reverse.
In the complaint filed by James Slater seeking the injunction, Slater alleged that he and Duryea entered into a professional association for the practice of law in 1989. In June 1994, Duryea advised Slater that he would be leaving town for three months but he would be returning in early October. In October, Slater contacted Duryea and learned that he would not be returning for another three or four months. Slater advised Duryea that he could not continue to carry the law practice alone and they should terminate and dissolve their relationship immediately. Later that month, Slater was advised by Barnett Bank that Duryea had ordered a hold on the firm's bank account. When Barnett Bank refused to remove the hold, Slater filed a complaint against Duryea seeking an injunction prohibiting his access to the account and ordering Barnett Bank to release the hold on the account. Slater alleged in the complaint that he would be subject to both civil and criminal liability if Barnett Bank dishonored outstanding checks. He also alleged that he feared Duryea would attempt to conceal or transfer other property of the parties.
After a very brief hearing, the trial court entered a temporary injunction removing the hold on the firm's account with regard to checks issued up to and including October 31, 1994. The injunction also restrained both parties from withdrawing, transferring, or otherwise dealing with the funds in the account, except for the aforesaid outstanding checks, pending the disposition of this matter. The injunction contained the finding that Slater would be immediately and irreparably injured by the continuation of the hold on the account because he would experience civil and criminal liability when the bank dishonored checks he had written.
In this interlocutory appeal of that injunction, Duryea contends he was not given notice of the hearing on Slater's complaint, there was not a sufficient basis for the entry of the injunction, and the bond amount was set too low and should not have been set without an evidentiary hearing. Because we agree with Duryea's second contention, we need not reach the others.
*81 A temporary injunction is an extraordinary remedy that should be granted sparingly and only after the moving party has alleged and proven facts which entitle him to relief. Liberty Financial Mortgage Corp. v. Clampitt, 667 So.2d 880 (Fla. 2d DCA 1996). The moving party is required to prove the following in order to obtain a temporary injunction: (1) he will suffer irreparable harm unless the status quo is maintained; (2) he has no adequate remedy at law; (3) he has a clear legal right to the relief granted; and (4) a temporary injunction will serve the public interest. Id. at 881. Accord Richard v. Behavioral Healthcare Options, Inc., 647 So.2d 976, 978 (Fla. 2d DCA 1994). Additionally, the injunction itself must contain "[c]lear, definite, and unequivocally sufficient factual findings ... [to] support each of the four conclusions necessary to justify [its] entry...." City of Jacksonville v. Naegele Outdoor Advertising Co., 634 So.2d 750, 754 (Fla. 1st DCA 1994), approved, 659 So.2d 1046 (Fla.1995). Accord Clampitt, 667 So. 2d 880; Richard, 647 So.2d 976.
The allegations in Slater's complaint and the finding in the injunction speak to only one of the criteria required to be proven for the issuance of a temporary injunction. Consequently, there was an inadequate basis for the injunction entered in this case and we must reverse.
We note that although reversal is required, there is no indication that a stay was entered and, if it was not, that part of the injunction ordering the removal of the hold with regard to checks issued up to and including October 31, 1994, would be moot.
Reversed and remanded.
RYDER, A.C.J., and BLUE and LAZZARA, JJ., concur.