711 So.2d 1332 (1998)
Kim GLOCKSON and John L. McAtee, Appellants,
v.
Nadine MANNA, Appellee.
No. 98-01678.
District Court of Appeal of Florida, Second District.
June 10, 1998.
Jane H. Grossman of Law Offices of Jane H. Grossman, P.A., Karen L. McHugh, and Lisa M. Roberts, St. Petersburg, for Appellants.
Lloyd T. Davidson of Law Offices of Thomas J. Donnelly, Clearwater, for Appellee.
PER CURIAM.
Kim Glockson and John L. McAtee, parents of children whose custody is in dispute, filed a petition for writ of habeas corpus with this court challenging two orders of the circuit court awarding temporary custody of the children to their aunt, Nadine Manna. We treat this proceeding as an interlocutory appeal filed pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(c)(iii); we expedite its disposition on our own motion; and we treat the petition and the response as initial and answer briefs respectively. The orders of the circuit court are reversed and we remand for further proceedings.
Nadine Manna instituted an action that appears to be grounded in chapter 751, Florida Statutes (1997), which is entitled Temporary Custody of Minor Children by Extended Family. After an initial ex parte order was entered awarding Manna temporary custody of the children, both biological parents retained counsel to be heard on the ex parte custodial order. It is clear that at no time did the father, John L. McAtee, consent to the custodial award in favor of the children's aunt, and that he affirmatively objected to it. Section 751.05(3) specifies that an award of temporary custody to an extended family member over the objection of a natural parent may be granted only upon a finding, by clear and convincing evidence, that the parent is unfit, in which case the trial court must make a finding that the parent has abused, abandoned, or neglected the child or children as defined by chapter 39, Florida Statutes (1997).
Neither order entered by the trial court for which review is sought includes factual findings of any kind, and the sparse record *1333 we have been provided discloses no basis upon which such a finding might be predicated. Additionally, Glockson and McAtee argue, and the record of one hearing seems to confirm, that they were not afforded a full opportunity to be heard on this matter. Care should be taken by trial courts utilizing chapter 751 when entering custody orders over the objection of biological parents, or simply without their consent, to observe the fundamental procedural safeguards accorded biological parents in dependency proceedings, including, most critically, notice and an opportunity to be heard.
We reverse the orders of the trial court granting Nadine Manna temporary custody of the children, and direct the trial court to conduct a full hearing on Manna's petition for temporary custody within twenty days unless all parties consent to additional time to prepare for the hearing.
Reversed and remanded with directions.
THREADGILL, A.C.J., and FULMER and GREEN, JJ., concur.