830 So.2d 852 (2002)
FLORIDA POWER CORPORATION, a Florida corporation, Appellant,
v.
TOWN OF BELLEAIR, a Florida municipal corporation, Appellee.
No. 2D01-5717.
District Court of Appeal of Florida, Second District.
August 30, 2002.
Sylvia H. Walbolt, Robert W. Pass, James Michael Walls, Joseph H. Lang, and Robert E. Biasotti of Carlton Fields, P.A., *853 St. Petersburg, and R. Alexander Glenn, St. Petersburg, for Appellant.
Lee Wm. Atkinson of Tew, Barnes & Atkinson, L.L.P., Clearwater, for Appellee.
FULMER, Judge.
Florida Power Corporation (FPC) challenges the partial summary judgment and temporary injunction entered in favor of the Town of Belleair (Belleair). We affirm the partial summary judgment and reverse the temporary injunction.
FPC has been the sole supplier of electric service within the town limits of Belleair since 1971 pursuant to Ordinance 119, which granted FPC a franchise for thirty years. The franchise agreement required FPC to pay a franchise fee equal to 6% of FPC's revenues from the sale of electricity within the town limits. It also provided that upon expiration of the franchise agreement on December 1, 2001, Belleair had the right to purchase the electrical plant and facilities located within the town, the valuation of which would be fixed by arbitration. Prior to the expiration of the franchise agreement, the parties were unable to negotiate an extension of the agreement, and a dispute arose regarding the parties' rights and obligations under it. FPC took the position that the buy-out provision of the franchise agreement was no longer enforceable because of changes in state law. FPC also indicated that it was not interested in conveying its facility to any party and that it would continue to serve the town as required by law regardless of the existence of a franchise agreement. However, FPC did not intend to continue paying the 6% franchise fee at the expiration of the existing franchise agreement because recent Florida decisions found that attempts by local governments to unilaterally impose a "franchise fee" constituted illegal taxation.
In September 2000, Belleair filed a two-count complaint seeking, in count one, a declaratory judgment concerning the rights and obligations of Belleair and FPC under the franchise agreement. In count two, Belleair sought a mandatory injunction requiring FPC to continue paying the 6% franchise fee after the expiration of the franchise agreement. Thereafter, Belleair filed a motion for partial summary judgment seeking to enforce the buy-out provision and to compel FPC to arbitrate the value of its facilities. Belleair also filed a motion for temporary injunctive relief seeking a mandatory injunction to force FPC to continue to collect and forward fees, for the use of the rights-of-way, equaling 6% of its revenues in the same manner it did under the franchise agreement. The trial court granted both of Belleair's motions.
FPC raises three issues in this appeal: (1) the trial court erred by issuing the mandatory injunction; (2) the trial court erred by ordering FPC to arbitrate the value of its Belleair facilities instead of deferring to the jurisdiction of the Florida Public Service Commission; and (3) the trial court's arbitration order was unauthorized and violated due process. Issues (2) and (3) have been addressed in Florida Power Corp. v. Casselberry, 793 So.2d 1174 (Fla. 5th DCA 2001). On these issues, we align ourselves with the Fifth District and affirm without discussion.
The remaining issue concerns a challenge to the mandatory injunction, in which the trial court compelled FPC to continue paying to Belleair an amount equal to the 6% franchise fee as reasonable compensation for FPC's continued use and occupation of Belleair's rights-of-way. A temporary injunction is an extraordinary and drastic remedy and, therefore, should be granted sparingly. Agency for Health Care Admin. v. Cont'l Car Servs., Inc., 650 *854 So.2d 173 (Fla. 2d DCA 1995). A party seeking a temporary injunction must prove that: (1) it will suffer irreparable harm unless the status quo is maintained; (2) there is no adequate remedy at law; (3) the party has a clear legal right to the relief granted; and (4) a temporary injunction will serve the public interest. Liberty Fin. Mortgage Corp. v. Clampitt, 667 So.2d 880 (Fla. 2d DCA 1996). The purpose of a temporary injunction is to maintain the status quo until full relief can be granted following a final hearing. Id.
Here, the trial court determined that Belleair had "a clear legal right to a temporary injunction to maintain the status quo." We disagree. The trial court was without authority to order FPC to continue paying the franchise fee after the franchise agreement expired. The trial court cannot, by injunction, extend the terms of a contract after its expiration. Sanz v. R.T. Aerospace Corp., 650 So.2d 1057, 1059 (Fla. 3d DCA 1995). Additionally, without the franchise agreement to support the negotiated franchise fee, a 6% flat fee constitutes an illegal tax pursuant to Alachua County v. State, 737 So.2d 1065 (Fla.1999), because it bears no relationship to the actual cost of regulation or maintenance of Belleair's rights-of-way. However, as explained in Alachua County, Belleair does have the authority to charge a reasonable regulatory fee for the use of the rights-of-way, and FPC has conceded that it is obligated to pay such fee and stands ready to do so.
Because we conclude that Belleair failed to demonstrate a clear legal right to continue receiving the 6% fee after the expiration of the franchise, we reverse the trial court's order granting the temporary injunction. Our reversal renders moot FPC's remaining challenges to the issuance of the injunction.
Accordingly, we affirm the partial summary judgment, reverse the temporary injunction, and remand for proceedings consistent with this opinion.
WHATLEY and SILBERMAN, JJ., concur.