WARNER, J.
A child’s parents challenge an order denying their motion to dissolve an ex parte temporary custody order granting the child’s grandparents custody of the child pending determination of their petition for temporary custody. Because the sworn allegations and affidavits were insufficient to grant the temporary custody orders, we reverse.
On July 25, 2002, the grandparents filed a petition for temporary custody of the child pursuant to section 751.03, Florida Statutes (2001), which allows extended family members to seek temporary custody of minor children. Simultaneously, the grandparents filed an ex parte motion for temporary injunction to prevent removal of the child.
The petition for temporary custody alleged the child has resided with the grandparents since June 2001, and has spent various periods of time and occasional holidays with her father. The grandparents have been solely responsible for the child’s financial and emotional care. The petition alleged the father is attending college in Chicago, and because of his rigorous course of study, he cannot provide proper care for the child at this time. According to the petition, the mother has spent httle time with the child since the parents separated in May, 1999. The grandparents want to provide health insurance and to enroll the child in school at Calvary Chapel where the grandmother teaches.
The ex parte motion for temporary injunction asserted that no notice should be given to the parents because they would act on their stated intent to remove the child from Florida.
Prior to the service of the custody petition on the parents, the trial court granted the grandparents’ ex parte motion for temporary injunction, directing that the child remain in the custody of the grandparents and not be removed from Bro-ward County until further order of the court. Despite this order, they allowed the child to travel to Chicago with the father for a vacation. After service of the petition, the parents declined to send the child back to Florida, prompting the grandparents to file a verified emergency ex parte motion for injunction and child pick-up order. Without alleging specific facts, the motion simply alleged the child will be irreparably harmed if she were not returned to her grandparents. The trial court signed the order, and the next day, with the assistance of the Chicago police, the grandparents took the child from the parents and returned to Florida.
The parents filed a motion to dissolve the temporary injunction and pick-up order, arguing the petition and affidavits were legally insufficient to grant custody to the grandparents. A temporarily assigned judge denied the motion and re *527 turned the motion to the regular assigned judge for an evidentiary hearing.
Sections 751.02 and 751.03 provide a mechanism for family members to provide for the welfare of minor children by obtaining temporary custody of the children when parents are unable to do so without the intervention of the state. However, where one parent objects to the granting of custody,
[T]he court shall grant the petition only upon a finding, by clear and convincing evidence, that the child’s parent or parents are unfit to provide the care and control of the child. In determining that a parent is unfit, the court must find that the parent has abused, abandoned, or neglected the child, as defined in chapter 39.
§ 751.05(3), Fla. Stat. (2001) (emphasis added).
In Richardson v. Richardson, 766 So.2d 1036 (Fla.2000), the supreme court considered the grandparents’ standing to seek custody of a grandchild where a parent objected to the custody. The court reaffirmed its rulings in Von Eiff v. Azicri, 720 So.2d 510 (Fla.1998), and Beagle v. Beagle, 678 So.2d 1271 (Fla.1996), stating:
Florida’s Constitution guarantees a right to privacy and [ ] such right includes a parent’s fundamental right to rear his or her child free from governmental intrusion and control. We further explained that “the state can satisfy the compelling state interest standard [only] when it acts to prevent demonstrable harm to a child.” Accordingly, we held that a trial court may not intrude upon the parent-child relationship by awarding visitation rights to a grandparent without evidence of a demonstrable harm to the child.
Richardson, 766 So.2d at 1039 (quoting Von Eiff, 720 So.2d at 515 (citations omitted)).
While the grandparents here are seeking temporary custody under a different statute, that law recognizes the holdings of Beagle and Von Eiff that one seeking temporary custody over the objection of the parent must show that the parent is unfit. See § 751.05(3). In other words, the grandparents must satisfy the same burden the state must satisfy in a dependency proceeding under chapter 39. Neither the grandparents petition nor their affidavits in support of their ex -parte motions allege any facts constituting abuse, abandonment or neglect by the parents within the meaning of that chapter.
It is well settled, moreover, that the grandparents’ motion for an ex parte temporary injunction should have been entered only if their complaint or affidavit established the following criteria: “(1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) a substantial likelihood of success on the merits; and (4) considerations of the public interest.” Yardley v. Albu, 826 So.2d 467, 470 (Fla. 5th DCA 2002) (emphasis added). See also City of Boca Raton v. Boca Raton Airport Auth., 768 So.2d 1191, 1193 (Fla. 4th DCA 2000); Duryea v. Slater, 677 So.2d 79, 81 (Fla. 2d DCA 1996). Because the grandparents’ complaint and motions failed to satisfy the criteria for issuance of an ex parte injunction, the court also erred for this reason in awarding temporary custody to the grandparents and denying the parents’ motion to dissolve.
At the hearing on the motion to dissolve, the grandparents suggested they could show “abandonment.” While section 751.05(1) provides for an evidentiary hearing on the issue of temporary custody, here the grandparents have failed to allege sufficient facts to justify temporary custody over the parents’ objection. The parents have a constitutional right to raise their child.
*528 Finally, the parents challenged the jurisdiction of the court to hear this case at all. However, whether the court has jurisdiction depends upon factual determinations which it must make. Therefore, prohibition is not a remedy at this point in the litigation.
We reverse the orders granting the grandparents’ temporary custody and the pick-up order and remand for further proceedings.
FARMER, J., concurs.
GROSS, J., concurs specially with opinion.