843 So.2d 1026 (2003)
Detroit TIGERS and Gulf Insurance Company, Appellants,
v.
Jose CASTILLO, Appellee.
No. 1D02-4374.
District Court of Appeal of Florida, First District.
May 6, 2003.
Mark A. Faris of Hinshaw & Culbertson, Ft. Lauderdale, for Appellants.
Richard R. Roach, Lakeland, for Appellee.
KAHN, J.
The Detroit Tigers ("E/C") appeal the denial of their motion to dismiss by the Judge of Compensation Claims ("JCC"). Because we find that the JCC properly denied the motion to dismiss and gave the E/C an opportunity to schedule an evidentiary hearing on the issue of venue, we affirm.
Appellant's brief correctly states that a claim of improper venue may be raised through a motion to dismiss. See Fla. R. Civ. P. 1.140(b); Kinetiks.Com, Inc. v. Sweeney, 789 So.2d 1221, 1223 (Fla. 1st DCA 2001). However, it is apparent from the record that the E/C, having raised the venue dispute and scheduled a hearing on their motion to dismiss, were unprepared at that hearing to prove the claim of improper venue. The JCC twice instructed counsel that if he wanted an evidentiary hearing on venue, he would have to schedule one.
An order by this court directing the JCC to schedule an evidentiary hearing on the E/C's motion is unnecessary because the E/C already has liberty to request one. Accordingly, we find that the JCC did not abuse his discretion by denying the E/C's motion to dismiss and instructing the E/C to schedule an evidentiary hearing. See Air South, Inc. v. Spaziano, 547 So.2d 314, 315 (Fla. 4th DCA 1989). Instead of seeking a hearing, E/C took this appeal.
AFFIRMED.
ERVIN and PADOVANO, JJ., concur.