897 So.2d 1261 (2005)
TOWN OF BELLEAIR, etc., Petitioner,
v.
FLORIDA POWER CORPORATION, etc., Respondent.
No. SC02-2149.
Supreme Court of Florida.
March 10, 2005.
Lee William Atkinson and Tony J. Tuntasit of Tew, Barnes and Atkinsons, LLP, Clearwater, FL, for Petitioner.
Hunter W. Carroll, Gary L. Sasso, Sylvia H. Walbolt and Robert W. Pass of Carlton Fields, P.A., and R. Alexander Glenn, Associate General Counsel, Progress Energy Service Company, LLC, St. Petersburg, FL, for Respondent.
LEWIS, J.
We have for review Florida Power Corp. v. Town of Belleair, 830 So.2d 852 (Fla. 2d DCA 2002), which expressly and directly conflicts with the decision in Florida Power Corp. v. City of Winter Park, 827 So.2d 322 (Fla. 5th DCA 2002), approved, 887 So.2d 1237 (Fla.2004). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. At issue in each of these cases was whether a local government could continue to impose a franchise fee on an electric utility providing service through occupation of the local rights-of-way after expiration of the underlying franchise agreement. In Winter Park, the parties were unable to reach a new franchise agreement and had begun the process of arbitrating the value of Florida Power Corporation's (FPC) facilities pursuant to a provision enabling the local government to buy back the facilities upon expiration of the franchise agreement. Belleair and FPC were similarly unable to reach a new agreement after expiration of the electric utility's franchise in that town.[1] In separate proceedings, both Winter Park and Belleair sought injunctions requiring FPC to continue to pay the governing franchise fee during the holdover period.
In both cases, the circuit court granted the injunction requiring FPC to continue to pay the franchise fees. In Winter Park, the district court affirmed the injunction, holding that it was proper to maintain the bargained-for relationship that had existed during the term of the franchise while the parties attempted to negotiate an extension of that agreement or a buyout of the system. See 827 So.2d at 325. In rendering its decision, the district court certified a conflict with the decision of the Second District Court of Appeal in Belleair. There, upon review of a substantially similar set of facts, the district court determined that the trial court erred in granting a temporary injunction requiring FPC to continue to pay the six percent of revenue franchise fee after expiration of the franchise agreement. See Belleair, 830 So.2d at 854. According to the Belleair court, continued imposition of the franchise fee without the support of the underlying agreement constituted an illegal tax pursuant to this Court's decision in Alachua County v. State, 737 So.2d 1065 (Fla.1999). The Belleair court also posited that courts cannot extend the terms of expired franchise agreements to cover an interim period during which a holdover utility and the *1262 local government resolve the status of their relationship going forward. See Belleair, 830 So.2d at 854.
Since our grant of jurisdiction in the instant matter, see Town of Belleair v. Florida Power Corp., 852 So.2d 862 (Fla.2003) (table), we have resolved the legal issues presented in our disposition of the matter in Winter Park. See Florida Power Corp. v. City of Winter Park, 887 So.2d 1237 (Fla.2004). There, we affirmed the district court decision upholding the injunction, rejected the notion that continued imposition of the franchise fee after expiration of the franchise term constituted an illegal tax pursuant to this Court's decision in Alachua, and held that it is proper to enforce a previously agreed-to franchise fee during the holdover period in which negotiation of a new arrangement occurs. See id. at 1240-42. We specifically disapproved the Second District's decision in Belleair[2] to the extent it provided that courts cannot extend the terms of an expired franchise agreement through a holdover period during which the parties negotiate a new arrangement. See id. at 1242. Indeed, we expressly determined that the conduct and interaction of the parties, and the balance of equities involved, may render such action necessary and proper. See id. Therefore, for the foregoing reasons, and as further explained in greater detail in our decision in Winter Park, we quash the Second District's decision in Belleair.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] The parties did not immediately submit to arbitration because FPC contested the validity of the buy-back provision in the franchise agreement. Relying on established precedent, the Second District decided this issue adverse to FPC. See Belleair, 830 So.2d at 853. This aspect of the district court opinion is unaffected by our decision today.
[2] We also disapproved the decision in Belleair to the extent the district court determined that percent-of-revenue fees, by definition, do not bear the required nexus to the actual costs of regulation. See Winter Park, 887 So.2d at 1242.