905 So.2d 1033 (2005)
Charles Robert VELA, et al., Appellants,
v.
Gaynes D. KENDALL and Robin L. Kendall, et al., Appellees.
No. 5D04-1454.
District Court of Appeal of Florida, Fifth District.
July 8, 2005.
*1034 Jeffrey D. Keiner, Frank A. Hamner and Daniel E. Traver of GrayRobinson, P.A., Orlando, for Appellants.
Stephen D. Milbrath of Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A., Orlando, for Appellees.
MONACO, J.
The appellant, Charles Robert Vela, seeks review of a final judgment that granted the appellees, Gaynes D. Kendall and Robin L. Kendall, d/b/a Quality Assurance Home Delivery ("Quality"), a permanent injunction, as well as damages, for violation of a restrictive covenant in an employment contract. We affirm the final judgment in all respects except the grant of the injunction. Because the time period of the restrictive covenant had already run, and Quality received damages for that time period, the trial court was without authority to further extend it in the final judgment.
According to the complaint, Quality operated a delivery service for various retail stores dealing in appliances and other large goods. Reduced to their essence, the facts reveal that Quality entered into an agreement[1] with Mr. Vela under which Mr. Vela agreed to provide delivery services for Quality's delivery clients as an independent contractor. In return, Vela received a portion of the delivery fee for his services. The agreement contained a non-compete clause which restricted Mr. Vela from making deliveries for Quality's clients "for a period of no less than two years from the date of termination."
Mr. Vela was terminated on May 1, 2001. Five months later Quality demanded in writing that Mr. Vela stop delivery services in violation of the non-compete provision, and eventually brought suit, seeking damages and injunctive relief, including temporary injunctive relief. Mr. Vela answered and counterclaimed, and asserted a material breach of the independent contractor agreement, citing to Quality's alleged failure to pay Mr. Vela for services. Quality, however, never pursued a temporary injunction and, accordingly, none was ever issued.
The case proceeded to a non-jury trial. On March 24, 2004, almost three years after Quality terminated its contract with Mr. Vela, the trial court entered a judgment in favor of Quality for both damages and injunctive relief. More specifically, the trial court awarded Quality damages of $10,505 for damages caused to it by Mr. Vela's violation of the non-compete provision of the contract, and permanently enjoined Mr. Vela for two years from the date of the judgment from making deliveries to or on behalf of customers of Quality. Mr. Vela appeals.
While Mr. Vela raises a number of issues for our consideration, we find merit only in his argument that the injunction should not have been issued. He asserts, essentially, that by granting damages for violation of the restrictive covenant, and by extending the injunction for another two *1035 years, Quality has been given a double recovery. We choose to view it from a slightly different perspective.
As a general rule, a trial court cannot by use of an injunction extend the terms of a contract after its termination. There may be times, however, where the equities involved make this a necessary and proper action. See Florida Power Corp. v. Town of Belleair, 830 So.2d 852 (Fla. 2d DCA 2002), decision quashed, 897 So.2d 1261 (Fla.2005). See also Florida Power Corp. v. City of Winter Park, 887 So.2d 1237, 1240-41 (Fla.2004). Quality chose not to seek a temporary injunction during the pendency of this lawsuit, and the non-competition time agreed to by the parties expired well before the trial of this cause. Quality, therefore, was treated with complete fairness by virtue of its recovery of damages for the violation of the restrictive covenant during the two-year period of its viability. That part of the final judgment that extends the injunction period for two years from the date of the judgment, however, inculcates a term not agreed to by the parties, and erroneously extends the contract terms.
Accordingly, the final judgment is affirmed in all respects except to the extent that it enjoins Mr. Vela from competing against Quality for two years. The entry of the injunction is reversed.
AFFIRMED IN PART, REVERSED IN PART.
TORPY, J., concurs.
PETERSON, J., concurs in result only, without opinion.
NOTES
[1] There were actually two sequential agreements, but for purposes of this appeal we will deal only with the later agreement. Both agreements contained the restrictive covenant.