BENTON, J.
Some three years after Cesar Rodas initiated workers’ compensation proceedings in Miami, the parties stipulated to a change of venue from the Miami to the Fort Lauderdale district. The main case had already settled, but attorney’s fees remained to be litigated. The judge of compensation claims treated the stipulation as a motion for change of venue and denied it by order entered January 25, 2007, noting that the case had settled on August 17, 2006, after being “litigated in the Miami District since December 11, 2003.” Mr. Rodas appeals the nonfinal order denying a change of venue.
He also seeks review of a related order to show cause, even though (through counsel) he has already complied fully with the show cause order. We do not have jurisdiction to review the nonfinal order to show cause, and so could not address its propriety, even if the question were not moot. See Fla. R.App. P. 9.180(b)(1)(A)-(C) (2007). See also Roofcraft Int’l, Inc. v. Thomas, 677 So.2d 39, 39-40 (Fla. 4th DCA 1996); Chicago Title Ins. Agency v. Chicago Title Ins. Co., 560 So.2d 296, 297 (Fla. 2d DCA 1990).
We do have jurisdiction to review the nonfinal order that denies a change of venue. See Fla. R.App. P. 9.180(b)(1)(B) (2007). Our standard of review is abuse of discretion. Judges of compensation claims are presumably under an obligation to transfer a proceeding from an improper venue to a proper venue. See Fla. Admin. Code R. 60Q-6.106(4) (2007) (“When a judge assigned to a case determines that the case is proceeding in an incorrect venue, the judge may transfer the case to the proper venue.”). But the parties never alleged, here or below, that venue in the Miami district was improper.
*622 Although parties may stipulate to a change of venue, any such stipulation is ineffective until and unless the judge of compensation claims also orders the change. See § 440.25(4)(d), Fla. Stat. (2007) (providing that a final hearing on a petition for benefits shall be held, “unless otherwise agreed to between the parties and authorized by the judge of compensation claims[,] in the county where the injury occurred”). The judge of compensation claims did not abuse his discretion in refusing to order a change of venue here. See Tigers v. Castillo, 843 So.2d 1026, 1026 (Fla. 1st DCA 2003); Carlson-Southeast Corp. v. Geolithic, Inc., 530 So.2d 1069, 1073 (Fla. 1st DCA 1988); see also Tindall v. Smith, 601 So.2d 627, 627 (Fla. 2d DCA 1992).
The order denying a change in venue is affirmed. The appeal from the order to show cause is dismissed.
WEBSTER and POLSTON, JJ„ concur.