NORTHCUTT, Judge.
D.M.M. challenges the circuit court’s order granting temporary custody of her child, A.M.M., to the child’s paternal grandmother, J.M.M. The order was entered in proceedings initiated by J.M.M. under chapter 751, Florida Statutes (2009), which addresses temporary custody of minor children by extended family members. The custody order and the proceedings giving rise to it violated the requirements of that chapter, and the order must be reversed.
In January 2010, the grandmother filed a sworn petition for temporary custody of A.M.M., alleging that the child’s father had signed a document entitled “Consent to Have Legal Custody of Minor Child and Authorization for Medical Treatment.” See § 751.03(8).[1] The petition stated that the child’s mother had not consented to the grandmother’s temporary custody of the child. It asserted that she was an absentee parent and that “her whereabouts and location are presently unknown.” Filed with the petition was the grandmother’s Uniform Child Custody Jurisdiction and Enforcement Act (UC-CJEA) affidavit reflecting that the child’s residence for the previous five years had been at the grandmother’s address on Fourth Avenue in Tampa. See § 751.03(4). The UCCJEA affidavit recounted that between May 1999 and October 2009, the child had resided with her mother, father, and grandmother at the Fourth Avenue address but that, in the weeks between October 2009 and the date of the affidavit in December 2009, the child had resided only with her father and grandmother. Notably, although the grandmother’s verified petition alleged that she did not know where the mother was located, the return of service reflected that the mother was personally served with process at the grandmother’s Fourth Avenue address eight days after the petition was filed.[2]
The mother did not respond to the petition, and the clerk of court entered a de *912 fault in February 2010. She did, however, appear without counsel at a final hearing the next month, at which time she voiced her objection to the grandmother’s attempt to gain temporary custody of the child. The circuit court gave the mother an additional thirty days in which to file pleadings, either through counsel or pro se. On March 11, 2010, at a case management conference attended only by the grandmother and her counsel, the court reviewed the case file, noted the absence of filings on the mother’s behalf, and entered an order granting the grandmother’s petition for temporary custody.
In her filings in this court, the grandmother maintains that our inquiry must end there, owing to the default that was entered after the mother failed to file a response to the petition. Indeed, the court’s order suggests that it gave custody of the child to the grandmother simply because “no appearance has been made by legal counsel and [] no pleadings have been filed on behalf of, or by [the mother].” But the law of Florida is clear: child custody cannot be decided on the basis of a default. See Barnett v. Barnett, 718 So.2d 302, 304 (Fla. 2d DCA 1998). Certainly, a mother’s fundamental liberty interest in the care, custody, and management of her child, see Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), cannot be taken from her on the basis of her failure to file pleadings or to hire a lawyer. Cf. Richardson v. Richardson, 766 So.2d 1036, 1043 (Fla.2000) (invalidating a statute that permitted a grandparent to seek custody based on a “best interest of the child” standard). The mother’s default notwithstanding, it remained the grandmother’s burden to plead and prove that she should be awarded temporary custody under chapter 751.
As mentioned, the petition acknowledged that the mother did not consent to placing temporary custody of her child with the grandmother. Section 751.03(8) requires that a petition for temporary custody allege “[t]he consent of the child’s parents, or the specific acts or omissions of the parents 'which demonstrate that the parents have abused, abandoned, or neglected the child as defined in chapter 39.” The grandmother’s petition made no allegations that the mother abused or neglected the child, as those terms are defined in section 39.01(2) and (44), Florida Statutes (2009). Some of the petition’s assertions might be read to mean that the mother abandoned the child. See § 39.01(1). But the grandmother’s UCCJEA affidavit— which reflected that the mother had lived with her child until just a few weeks before the affidavit was signed — appeared to undermine those allegations. See Landinguin v. Carneal, 837 So.2d 525 (Fla. 4th DCA 2003) (noting that a sworn petition alleging, among other things, that a grandmother was solely responsible for child’s financial and emotional care and that the mother had spent little time with the child, contained insufficient facts to justify temporary custody over the parents’ objection).
Beyond that, and as noted in the circuit court’s order, the mother appeared at the March 2010 hearing and objected to the temporary custody petition. Section 751.05 provides, in pertinent part:
(1) At the hearing on the petition for temporary custody, the court must hear the evidence concerning a minor child’s need for care by the petitioner, all other matters required to be set forth in the petition, and the objections or other testimony of the child’s parents, if present.
(2) Unless the minor child’s parents object, the court shall award the temporary custody of the child to the petitioner when it is in the best interest of the child to do so.
*913 (3) If one of the minor child’s parents objects to the granting of temporary custody to the petitioner, the court shall grant the petition only upon a finding, by clear and convincing evidence, that the child’s parent or parents are unfit to provide the care and control of the child. In determining that a parent is unfit, the court must find that the parent has abused, abandoned, or neglected the child, as defined in chapter 39.
(Emphases supplied.)
Our record is sketchy; we have no transcript of the March 2010 hearing, and therefore we are unable to discern whether any evidence was presented on that occasion. But the fact that, at the hearing, the court gave the mother additional time to obtain counsel and file appropriate pleadings, the court’s reliance on the default when granting the petition, and the absence of any reference to evidence either in the court’s order or in the grandmother’s filings in this court, strongly suggest that the court heard no evidence in support of the petition notwithstanding the statutory requirement that it “must” do so. See T.M.M. v. H.M.C., 788 So.2d 1114 (Fla. 2d DCA 2001) (reciting that the statute requires that a relative seeking child custody over a parent’s objection must prove by clear and convincing evidence that the parent is unfit).
Just as important, the circuit court’s order wholly failed to address the mother’s fitness to parent the child. Specifically, the court did not find, by clear and convincing evidence or otherwise, that the mother had abused, abandoned, or neglected her child, as defined in chapter 39. As such, the order granting temporary custody of the child to the grandmother was facially erroneous. See § 751.05(3); K.N.B. v. M.C., 779 So.2d 508, 512 n. 5 (Fla. 2d DCA 2000) (commenting that chapter 751 requires that the court find the parent is unfit); Glockson v. Manna, 711 So.2d 1332, 1332-33 (Fla. 2d DCA 1998) (reversing order granting temporary custody to the child’s aunt when neither the circuit court’s order, which contained no factual findings of any kind, nor the sparse record, disclosed any basis on which a finding that the mother was unfit could be predicated); see also D.B. v. W.J.P., 962 So.2d 949, 952 (Fla. 5th DCA 2007) (concluding that the court erred in granting temporary custody to a grandmother when, among other things, “the court failed to make findings required by section 751.05”).
Finally, the mother has alleged to us that she has been denied access to her child since the circuit court entered the temporary custody order. The court’s order did not address the mother’s entitlement to visitation with her child even though section 751.05(4) provides that “[t]he order granting temporary custody of the minor child to the petitioner may also grant visitation rights to the child’s parent or parents, if it is in the best interest of the child to do so.” Of course, this statutory subsection operates only in the case where a temporary custody petitioner has overcome the absence of a parent’s consent by pleading and proving by clear and convincing evidence that the parent abused, neglected, or abandoned the child; otherwise, the petition properly would be denied, and the question of visitation would be moot.
The mother’s assertion is outside our record, and we have no way to verify it. But we trust that on remand the circuit court will recognize the urgency of reuniting the mother with her child until such time as it might conclude — based on proper pleading, proof, and statutory findings — that placing temporary custody of the child with the grandmother is warranted under the law. In that event, the court *914 shall award the mother such visitation as is consistent with the child’s best interests.
Reversed and remanded for further proceedings.
DAVIS and WALLACE, JJ., Concur.

. The mother's brief advises that the child’s father, the mother’s husband, died in May 2010, after the temporary custody order was entered.

. The circuit court’s orders "in this case also indicated that the orders were served to the mother at the same Fourth Avenue address.