85 So.3d 1167 (2012)
J.R.B., Appellant,
v.
J.L.B., J.A.B. and M.B.B., Appellees.
No. 4D11-3168.
District Court of Appeal of Florida, Fourth District.
April 11, 2012.
Rehearing Denied May 16, 2012.
Anne Lynch of Anne Lynch, P.A., Palm Beach Gardens, for appellant.
Robert L. Bogen of the Law Offices of Robert L. Bogen, P.A., Boca Raton, for appellees J.L.B. and J.A.B.
CIKLIN, J.
J.R.B. (the "father") challenges an order granting temporary custody of his two minor daughters to his parents (the "grandparents"). The father contends that the grandparents lacked standing to petition for temporary custody under chapter 751, Florida Statutes, because at the time the petition was filed, the children were not living with the grandparents but were simply visiting them for the summer pursuant to court-ordered visitation. We agree and reverse.
The father was awarded full custody of his two minor daughters following his divorce from the minor children's mother. In October 2005, the grandparents were awarded visitation rights by a Minnesota court. In January 2011, after the father moved to Florida, the grandparents had the Minnesota order registered in Florida pursuant to section 88.6051, Florida Statutes (2010).
In March 2011, the grandparents filed a motion for contempt alleging that the father had wrongfully and purposely withheld visitation from them during the court-ordered time. The trial court granted the grandparents' contempt motion and ordered *1168 make-up visitation from June 20 until August 19, 2011.
On August 16, 2011, the grandparents filed an emergency petition for temporary custody of their two minor grandchildren pursuant to section 751.03, Florida Statutes (2011), which allows extended family members to seek temporary custody of minor children. They also requested that the trial court hold a hearing on their petition before August 19, 2011the day they were supposed to return the children to their father.
On August 19, 2011, the trial court held a hearing on the grandparents' petition. At the beginning of the hearing, the father moved the trial court to dismiss the grandparents' petition for lack of standing. The father argued that the grandparents lacked standing to seek temporary custody of the minor children pursuant to chapter 751 because the children were not living with the grandparents at the time. The trial court effectively denied the motion by continuing to hear testimony on the grandparents' petition for temporary custody.
Following the hearing, the trial court entered an order granting temporary custody of the minor children to the grandparents. The trial court found that the grandparents had shown "beyond clear and convincing evidence that alcohol is a major factor in hindering the [father] from being a responsible safe parent." The trial court made additional findings of abuse and neglect by the father.
On appeal,[1] the father argues that the trial court lacked jurisdiction to award temporary custody to the grandparents under chapter 751 because, at the time the petition was filed, the children were not living with the grandparents. Rather, the children were merely visiting the grandparents pursuant to court-ordered visitation. We agree.
"This is an issue of statutory interpretation, which is subject to a de novo standard of review." D.A. v. State, 11 So.3d 423, 423 (Fla. 4th DCA 2009). Chapter 751 permits grandparents (as extended family members) to seek temporary custody of a minor child without the parents' consent by demonstrating "that the parents have abused, abandoned, or neglected the child as defined in chapter 39." § 751.03(9), Fla. Stat. (2011).
Section 751.02, however, limits such petitions, in the absence of parental consent, to an "extended family member who is caring full time for the child in the role of a substitute parent and with whom the child is presently living." § 751.02(1)(b), Fla. Stat. (2011). The statute does not define the terms "role of a substitute parent" or "presently living," but the terms are clear and unambiguous.
In the instant case, the grandparents were not caring full time for the children in the role of substitute parents, nor were the children "presently living" with the grandparents when the petition was filed. The children were merely visiting with them pursuant to court-ordered visitation. In fact, the trial court acknowledged in its order granting the grandparents' petition for temporary custody that it had previously ordered "make up visitation" for the grandparents because the father "had wrongfully and purposefully withheld visitation from the [grandparents] during their court ordered time." As such, the grandparents did not have standing to file the chapter 751 petition.
*1169 Accordingly, we reverse the order granting temporary custody of the minor children to the grandparents and remand for the trial court to grant the father's motion to dismiss the grandparents' petition for lack of standing. Our reversal renders the remainder of the father's arguments moot.
Our decision does not preclude the grandparents or the Department of Children and Families from bringing a dependency action pursuant to chapter 39, Florida Statutes. Nor does our decision prohibit the parents from consenting to the grandparents' temporary or concurrent custody of the minor children pursuant to section 751.02(1)(a).
Reversed and remanded with instructions.
GERBER and LEVINE, JJ., concur.
NOTES
[1] The father filed a petition for writ of habeas corpus with this court. We redesignated the father's petition as an appeal of a non-final order which determines child custody in a family law matter. See Fla. R.App. P. 9.130(a)(3)(C)(iii); Glockson v. Manna, 711 So.2d 1332, 1332 (Fla. 2d DCA 1998).