704 So.2d 679 (1997)
Wolfgang BELLACH, Appellant,
v.
HUGGS OF NAPLES, INC., Appellee.
No. 97-03821.
District Court of Appeal of Florida, Second District.
December 17, 1997.
*680 Louis X. Amato of Louis X. Amato, P.A., Naples, for Appellant.
James T. Demarest of Quarles & Brady, Naples, for Appellee.
PER CURIAM.
Wolfgang Bellach appeals the trial court's order granting a temporary injunction in favor of Huggs of Naples, Inc. ("Huggs"). Huggs filed a verified complaint seeking to enforce a covenant not to compete, executed as part of Huggs' purchase of a retail gift shop. After notice and a hearing, the trial court entered an order temporarily enjoining Mr. Bellach from the sale of any items sold at the store at the time of Huggs' purchase. The order also states that no bond is required for the issuance of the injunction. After the briefs were filed, Huggs filed a motion to relinquish jurisdiction, asking that the trial court be permitted to amend its order to include findings of fact, conclusions of law, and a bond, which Huggs contends are undisputed erroneous omissions. Rather than relinquish jurisdiction under these circumstances, we reverse the trial court's order.
The injunction is defective because Florida Rule of Civil Procedure 1.610(b) requires the movant to post a bond. See Wasserman v. Gulf Health, Inc., 512 So.2d 234, 235 (Fla. 2d DCA), review denied, 518 So.2d 1279 (Fla.1987). The trial court cannot waive this requirement nor can it comply by setting a nominal amount. Id. The trial court must set the bond after providing both parties with the opportunity to present evidence regarding the appropriate amount. See Richard v. Behavioral Healthcare Options, Inc., 647 So.2d 976, 978 (Fla. 2d DCA 1994); Cushman & Wakefield, Inc. v. Cozart, 561 So.2d 368, 371 (Fla. 2d DCA 1990).
The injunction is also defective because the order fails to make specific findings regarding the likelihood of irreparable harm, unavailability of an adequate remedy at law, substantial likelihood of success on the merits, and considerations of public policy. See Richard, 647 So.2d at 978. "Clear, definite, and unequivocally sufficient factual findings must support each of the four conclusions necessary to justify entry of a temporary injunction." Id.
Because the order is defective, we remand with instructions to the trial court to either enter an order that satisfies all requirements for entry of a temporary injunction or if appropriate, an order denying the injunction.
Reversed and remanded.
ALTENBERND, A.C.J., and WHATLEY and NORTHCUTT, JJ., concur.