828 So.2d 488 (2002)
Steven P. COSCIA and Becky G. Coscia, his wife; and Tom N. Nguyen and Tham T. Nguyen, Appellants,
v.
OLD FLORIDA PLANTATION, LTD., Appellee.
No. 2D02-764.
District Court of Appeal of Florida, Second District.
October 18, 2002.
*489 Eduardo F. Morrell and Celene Humphries, Lakeland, for Appellants.
Dabney L. Conner of Boswell & Dunlap, LLP, Bartow, for Appellee.
ALTENBERND, Judge.
The appellants, Steven P. and Becky G. Coscia and Tom N. and Tham T. Nguyen, appeal a temporary injunction entered by the trial court on the motion of Old Florida Plantation Ltd. ("Old Florida"). We affirm the order imposing the temporary injunction with the exception of the requirements contained in paragraph B. We require that the trial court strike paragraph B from its temporary injunction order.
Old Florida currently owns a parcel of real property on Lake Hancock in Polk County. Old Florida wishes to develop this property. The Coscias and the Nguyens own adjacent property and have had the benefit of a recorded easement for ingress and egress across Old Florida's property since 1987. The easement is sixty feet wide. As recorded, the easement could end at one of two optional locations. During the last fifteen years, use of this easement has created a rutted path that is visible on aerial photographs, but the parties have never formally established the location of the easement.
After Old Florida acquired its property, a dispute arose over the existence of the easement and, if such easement existed, the conditions of its use. This dispute has strained civility between these neighbors. Both Old Florida and the appellants placed locks on gates without providing keys to the other party. The appellants have at least suggested that they want to pave or otherwise improve the rutted path.
Old Florida filed a complaint seeking a permanent injunction to prohibit the Coscias and Nguyens from using the easement. The initial complaint expressly requested only a permanent injunction, but it effectively sought a declaration that the easement was ineffective. Old Florida then filed a motion for a temporary injunction. The motion described the bickering between the parties, but it did not state with any specificity the action that it sought to enjoin.
The trial court conducted an evidentiary hearing and entered a temporary injunction. In many respects, the temporary injunction order is favorable to the appellants. The trial court's order determines that the appellants retain an easement over Old Florida's property and have the right to use this easement. The trial court is not convinced that the location of the easement has been fixed, and it has given *490 the appellants the right to use either of two routes discussed in the evidentiary hearing without prejudice to either party's claims at the final hearing. The appellants do not appear aggrieved by these portions of the order.
The temporary injunction further prohibits the appellants from making any improvements to Old Florida's property until the case is tried. The appellants protest this portion of the order, but concede that they would have no legal right to improve the easement without permits for which they have not applied. The injunction in this respect does little more than confirm the legal restrictions on the appellants' use of this easement, which exist independent of the judicial order.
Finally, the temporary injunction prohibits the appellants from using the easement without first giving written notice of their intentions twenty-four hours prior to the usage. They can only use the easement on weekdays between 8 a.m. and 5 p.m. It is this provision that we conclude to be erroneous.
The general function of a temporary injunction is to preserve the status quo for disputing parties until the court is able to resolve the underlying dispute on its merits. State Agency for Health Care Admin. v. Cont'l Car Serv., Inc., 650 So.2d 173 (Fla. 2d DCA 1995) (citing Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., 212 So.2d 365 (Fla. 4th DCA 1968)). A temporary injunction requires strict compliance with Florida Rule of Civil Procedure 1.610. Fla. Water Servs. Corp. v. Blue Stone Real Estate Constr., 747 So.2d 406, 408 (Fla. 5th DCA 1999). Trial courts are required to set forth sufficient facts to support each element that entitles the moving party to a temporary injunction. See Yardley v. Albu, 826 So.2d 467 (Fla. 5th DCA 2002); Snibbe v. Napoleonic Soc'y of Am., Inc., 682 So.2d 568 (Fla. 2d DCA 1996) (stating that findings to support each element must be clear, definite, and unequivocal); City of Jacksonville v. Naegele Outdoor Adver. Co., 634 So.2d 750, 754 (Fla. 1st DCA 1994) (stating that findings must "do more than parrot each tine of the four prong test").
In this case, the trial court has made no finding to support the need for written notice or restricted usage of this rutted path. Admittedly, the parties have had disagreements about usage of the easement, and they should be encouraged both by their lawyers and by the court to cooperate with one another.[1] Nevertheless, Old Florida's initial position that an easement did not exist contributed substantially to the poor relations between these neighbors. Now that the trial court has recognized the existence of the easement during the term of the injunction, there are no findings in the order, and moreover no evidence in the record, that would justify the judicial restrictions on the appellants' usage of the easement. Accordingly, paragraph B must be stricken from the order on remand.
Affirmed in part, reversed in part, and remanded.
WHATLEY and STRINGER, JJ., concur.
NOTES
[1] For example, it would not be unreasonable for the trial court to suggest that the parties share combination locks to the various gates that cross the existing path.