835 So.2d 365 (2003)
ALLIANT CAPITAL, LTD., et al., Appellants,
v.
Z. Cliff SINGLETON, et al., Appellees.
No. 5D02-1442.
District Court of Appeal of Florida, Fifth District.
January 24, 2003.
*366 Michael R. Levin, Christa C. Werder and Leslie B. Bissinger, of Rumberger, Kirk & Caldwell, Orlando, for Appellee.
SHARP, W., J.
The appellants[1] (collectively referred to as Alliant) bring this nonfinal appeal of an order granting appellees a temporary injunction,[2] which mandated that appellees,[3] partnerships owned or controlled by Singleton, and Singleton, remain in management control and as general partners of Crane Creek Senior Housing Partners Ltd. and Hatton House Senior Housing Partners "until further order of the court." The relationship between these complicated, inter-related parties was formed to finance the construction and management of two "affordable housing" projects:[4] Crane Creek in Melbourne, Florida, and Hatton House in Sneads, Florida.
Disputes arose between the conglomerate opposing entities concerning the appellants' alleged commitment to and inability to raise funds for the projects, and their default in funding, and the appellees' alleged defaults and mismanagement of the projects. Based on documentation, appellants claimed appellees had defaulted and terminated them as general partners and managers of the project. However, appellees claimed their removal and termination was not justified and would jeopardize a "SAIL" loan, for which Singleton had applied, in order to salvage the projects. He claimed appellees' removal would result in the loss of the projects, elderly persons being thrown out of their homes, and the salutary purposes of the tax and loan benefits, state and federal, being offended. Limited testimony was taken at the initial hearing, although subsequent hearings were held which resulted in no change in the temporary injunction on appeal.
We have serious doubts that the circumstances set forth in the record before us justify the issuance of a temporary injunction. However, we do not reach the merits of that question because we find the trial judge failed to comply with the rule for entering a temporary injunction. See Fla. R. Civ. P. 1.610; Yardley v. Albu, 826 So.2d 467 (Fla. 5th DCA 2002); Florida Water Services. Corp. v. Blue Stone Real Estate Constr., 747 So.2d 406, 408 (Fla. 5th DCA 1999); citing, Watkins v. Colonial Life & Accident Ins. Co., 719 So.2d 934 (Fla. 5th DCA 1998). Specifically, the court failed to set forth facts to support each element that a moving party must establish to be entitled to the issuance of a temporary injunction: (1) irreparable harm; (2) no adequate remedy at law; (3) a clear legal right to the relief; (4) that the injunction will serve the public interest. See Coscia v. Old Florida Plantation, Ltd., 828 So.2d 488 (Fla. 2d DCA 2002); Yardley; Ksaibati v. Ksaibati, 824 So.2d 219 (Fla. 2d DCA 2002); Florida Water; Watkins. Further, the trial court erred in not setting and requiring a bond, as is mandated *367 by Florida Rule of Civil Procedure 1.610(b).
REVERSED and REMANDED.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] Alliant Capital, Ltd.; Alliant Tax Credit IX, Inc.; Alliant Tax Credit Fund IX, Ltd.; Alliant Tax Credit VIII, Inc.; Alliant Tax Credit Fund VIII, Ltd., Alliant Mortgage Company, Inc.; Alan Schnier, Individually; Shawn Horowitz, Individually; and Scott Kotick, Individually.
[2] Florida Rule of Appellate Procedure 9.130(3)(B).
[3] Z. Cliff Singleton, individually and derivatively of RHT Crane Creek Partners, Ltd., RHT Hatton House Partners, Limited Partnership, Tax Credit Senior Properties, LLC.
[4] The financing of these endeavors utilized a federal tax-incentive program, administered in Florida by the Federal Finance Housing Corp. Under this program, tax credits are provided to help fund affordable housing.