903 So.2d 384 (2005)
Donald B. RANDOLPH, d/b/a D & D Feed & Farm Supply, and Donald B. Randolph, individually, Appellants,
v.
ANTIOCH FARMS FEED & GRAIN CORP., a Florida Corporation d/b/a U.S. Feed & Grain Co. and Tony Sills, Appellees.
No. 2D04-1491.
District Court of Appeal of Florida, Second District.
June 17, 2005.
*385 Leonard J. Connors, Leonard J. Connors, P.A., Plant City, for Appellants.
John A. Anthony, Stephenie M. Biernacki, and Christina A. Donoghue, of Gray, Harris & Robinson, Tampa, for Appellees.
CASANUEVA, Judge.
The defendants, Donald B. Randolph, d/b/a D & D Feed & Farm Supply, and Donald B. Randolph, individually, appeal from an order granting a temporary injunction on behalf of the plaintiffs, Antioch Farms Feed & Grain Corp. and Tony Sills. We affirm the entry of the temporary injunction but remand for entry of an order setting forth the necessary findings of fact. On remand, the court must also hold an evidentiary hearing and set an appropriate bond.
An order granting a temporary injunction must strictly comply with Florida Rule of Civil Procedure 1.610. Of primary importance is the trial court's obligation to state sufficient factual findings in support of each element entitling a party to a temporary injunction. Fla. R. Civ. P. 1.610(c); Coscia v. Old Fla. Plantation, Ltd., 828 So.2d 488, 490 (Fla. 2d DCA 2002). Here, however, the trial court's order omits any recitation of facts justifying a finding (1) that the plaintiffs will suffer irreparable harm absent the entry of the injunction; (2) that no adequate legal remedy exists; (3) that the plaintiffs enjoy a clear legal right to the relief sought; and (4) that the injunction will serve the public interest. See City of Tampa v. McAfee, 896 So.2d 943, 946 (Fla. 2d DCA 2005); Alliant Capital, Ltd. v. Singleton, 835 So.2d 365, 366 (Fla. 5th DCA 2003). The single error of failing to provide sufficient findings requires us to reverse and remand for further proceedings.
The trial court also failed to set a bond as mandated by rule 1.610(b): "No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined." It is error for a court to enter a temporary injunction without setting an appropriate bond. East v. Aqua Gaming, Inc., 805 So.2d 932, 935 (Fla. 2d DCA 2001).
Accordingly, we affirm the order granting the temporary injunction but remand for the trial court to enter an order setting *386 forth required factual findings and to set a bond after the parties have presented evidence as to the appropriate amount.[1]
Affirmed in part, reversed in part, and remanded with instructions.
SALCINES and LaROSE, JJ., Concur.
NOTES
[1] We note that the defendants also contend that the court erred in entering the temporary injunction on behalf of Antioch Farms Feed & Grain Corp., which allegedly had been administratively dissolved for failure to file its annual fees and taxes prior to the institution of this lawsuit. Section 607.1622(8), Florida Statutes (2003), prohibits a dissolved corporation from maintaining any action in any court of this state. The hearing transcript clearly indicates the trial court's intent to abate Antioch's cause of action until Antioch reinstated its corporate status, but the written order does not reflect that stated intent. Because the verified complaint is legally sufficient on its face, however, any facts as to Antioch's corporate status are beyond the scope of our review. On remand, the trial court may revisit this issue.