DAVIS, Judge.
 

 In this interlocutory appeal, James Cad-icamo, Trida Cadicamo, and U.S. Hospitality of Tampa Bay, Inc. (Appellants), challenge the trial court’s nonfinal order denying them motion to dissolve a temporary injunction entered in favor of John Alite. We reverse and remand for further proceedings.
 

 We agree with Appellants that the injunction should be dissolved because it is defective in that it fails to require Alite to post a bond and “fails to make specific findings regarding the likelihood of irreparable harm, [the] unavailability of an adequate remedy at law, [the] substantial likelihood of success on the merits, and considerations of public policy.”
 
 See Bellach v. Huggs of Naples, Inc.,
 
 704 So.2d 679, 680 (Fla. 2d DCA 1997);
 
 see also
 
 Fla. R. Civ. P. 1.610.
 

 Accordingly, we reverse the trial court’s order denying Appellants’ motion to dissolve injunction and remand for “the trial court to either enter an order that satisfies all requirements for entry of a temporary injunction,” including a determination of the amount of the bond, or to grant the motion to dissolve the injunction.
 
 See Bel-lach,
 
 704 So.2d at 680. Because we are reversing on the issue of the sufficiency of the injunction, we need not address the other issues raised by Appellants on appeal.
 

 Reversed and remanded.
 

 CASANUEVA and LaROSE, JJ., Concur.