ALTENBERND, Judge.
John McCue and McCue Holdings, LLC, appeal an order granting a temporary injunction in favor of Heritage Farms Property Association, Inc. (the Association). The order enjoined them from using the roads within the subdivision regulated by the Association to transport or deliver equipment, material, or personnel to improve adjacent property owned by McCue Holdings, LLC. We reverse and remand for further proceedings.
Mr. McCue lives in the Heritage Farms subdivision in Lee County. Immediately behind his lot in the subdivision, there are forty-one acres of unimproved, agricultural land that are owned by McCue Holdings, LLC. These acres are not a part of the subdivision. According to Mr. McCue, he is the “sole owner” of the LLC. The acreage cannot be easily accessed except by using the road system inside Heritage Farms or by building a temporary bridge over a canal in another location.
In June of 2013, Mr. McCue trailered a bobcat, which is a skid-steer tractor, to his residence to clear a portion of his lot to build a fence. He then proceeded to use the bobcat to clear a portion of the acreage. At the hearing in this case, Mr. McCue testified without dispute that he had permits to perform this work. Although it appears from the testimony at the hearing that the Association is primarily concerned about Mr. McCue’s decision to clear the acreage, the Association filed an action to enjoin him from using its road system to transport the bobcat or any other items to the LLC’s acreage.
Following the short evidentiary hearing, the trial court announced that it was granting a temporary injunction because Mr. McCue had used the roads to access the LLC’s acreage. The trial court then entered an order entitled “Order Granting Plaintiffs Emergency Verified Motion for Temporary Injunction.” The order contains no findings. It states that the motion is granted and that the Association “is entitled to issuance of a temporary injunction” enjoining Mr. McCue and McCue Holdings, LLC, from utilizing the Heritage Farms road system to transport items “for the purpose of improvement or benefit of’ the acreage. The order directs the parties to coordinate and schedule a hearing to determine the amount of the bond that is to be given in conjunction with the temporary injunction.
Upon first reviewing this order, this court believed that it might have been a preliminary order and that the trial court intended to enter a separate order granting a temporary injunction. However, based on the supplemental appendix provided by the parties, it is clear that the order on appeal was intended to be the order granting a temporary injunction.
Critically, the order does not “specify the reasons for entry,” as required by Florida Rule of Civil Procedure 1.610(c). This court has long held that this proviso requires the injunction to include specific findings regarding the likelihood of irrepa- *674 rabie harm, unavailability of an adequate remedy at law, substantial likelihood of success on the merits, and considerations of public policy. See Bellach v. Huggs of Naples, Inc., 704 So.2d 679, 680 (Fla. 2d DCA 1997) (reversing temporary injunction that failed to require the movant to post bond and failed to include the required specific findings); Richard v. Behavioral Healthcare Options, Inc., 647 So.2d 976, 978 (Fla. 2d DCA 1994) (quoted in Bellach, 704 So.2d at 680); see also Milin v. Nw. Fla. Land, L.C., 870 So.2d 135, 187 (Fla. 1st DCA 2003). The order on appeal does not specify any reasons for entry of the temporary injunction.
Although we do not mandate that the trial court deny the motion for temporary injunction on remand, from our review of the transcript there appears to be very little evidence of any irreparable harm to the Association’s streets if they are used occasionally to transport some equipment to Mr. McCue’s lot, from which he would then transfer the equipment to the acreage. From the testimony at the hearing it appears that such equipment can be transported on the streets by other residents to perform heavy landscaping on other lots within the subdivision. Oddly, Mr. McCue has appealed this injunction even though he testified that he had no intention of using the Association’s streets to transport any future items related to the clearing of the acreage.
We simply reverse the order on appeal and remand for further proceedings in this action in which the Association seeks both damages and a permanent injunction.
Reversed and remanded.
DAVIS, C.J., and KHOUZAM, J„ Concur.