NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BETTY L. DOWDY,                          )
                                         )
           Appellant,                    )
                                         )
v.                                       )      Case No. 2D14-5717
                                         )
MICHAEL DOWDY, INTERESTED                )
PERSON,                                  )
                                         )
           Appellee.                     )
_____ )

Opinion filed January 6, 2016.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Hillsborough
County; Martha J. Cook, Judge.

Joseph J. Registrato, Tampa, for
Appellant.

Craig M. Harris and Nancy S. Paikoff
of Macfarlane Ferguson & McMullen,
Tampa, for Appellee.


NORTHCUTT, Judge.

           The circuit court issued a temporary injunction directing Betty Dowdy to

deposit proceeds of a property sale into the court registry pending the disposition of her

stepson's petition for construction of a trust.  We conclude that the stepson's petition

has no likelihood of success on the merits.  Therefore, the action cannot support the

temporary injunction, and we reverse it.

In 2006, Betty and her husband, Dennis, created the Dowdy Family Trust.[1] The corpus of the trust comprised two parcels of real estate. Our limited record does not reflect who owned either property prior to the trust's creation. At some point, Betty and Dennis caused the trust to sell one of the properties.

Dennis had three children, and Betty had two; the couple did not have any children in common. The trust document identified Betty and Dennis as the settlors, the initial trustees, and the initial primary beneficiaries. It made provision for revocation or amendment of the trust; appointed children of both settlors as co-successor trustees; provided for distributions to the settlors; and, following the settlors' deaths, provided for liquidation and distribution to the settlors' children. The petitioner below, Michael Dowdy, is one of Dennis's sons and was named as a co-successor trustee.

Dennis died in 2008. In 2011 Betty amended the trust, removing Dennis's children as successor trustees and as beneficiaries. She subsequently sold the remaining trust property. Michael learned of the sale and asked the title company to disburse the sale proceeds to Betty and him jointly as cotrustees. But the title company delivered the proceeds to Betty alone.

Michael then filed a petition in circuit court for construction of the original trust. He maintained that Betty's amendment was invalid because it was executed after Dennis's death. The petition asserted that when Dennis died the revocable trust became irrevocable and that Michael succeeded Dennis as cotrustee. Michael also sought a temporary injunction to compel preservation of the proceeds of the property

---

[1]This trust was created prior to the July 1, 2007, effective date of chapter 2006-217, Laws of Florida, and we have not considered the application of section 736.0602, Florida Statutes.

sale, which the circuit court granted after a hearing. The order directed Betty to deposit into the court registry $100,000 from the proceeds.

In order to obtain a temporary injunction, the moving party must make four showings. Atomic Tattoos, LLC v. Morgan, 45 So. 3d 63, 64-65 (Fla. 2d DCA 2010). The movant must demonstrate that he will suffer irreparable harm without an injunction, that he has no adequate remedy at law, that he enjoys a substantial likelihood of success on the merits, and that an injunction would be in furtherance of the public interest. Id. When granting an injunction, the court must make factual findings to support each element. Liberty Fin. Mortg. Corp. v. Clampitt, 667 So. 2d 880, 881 (Fla. 2d DCA 1996) (citing City of Jacksonville v. Naegele Outdoor Advert. Co., 634 So. 2d 750, 753-54 (Fla. 1st DCA 1994) ("If it is to be subject to meaningful review, an order granting a temporary injunction must contain more than conclusory legal aphorisms. . . . Facts must be found."), approved, 659 So. 2d 1046 (Fla. 1995)); see also Fla. R. Civ. P. 1.610(c) (mandating that every injunction shall specify the reasons for entry).

Here, the circuit court's order contained no factual findings or legal analysis, and it is vulnerable to reversal for that reason alone. But we need not decide the case on that basis, because it is clear that Michael was not entitled to the temporary injunction in any event. The reason is that he cannot prevail in his underlying action.

When announcing her decision to grant the injunction, the circuit judge focused on the 2011 amendment to the trust, which the judge considered to be improper. Indeed, at the hearing below and in this appeal, Michael has relied on case authorities that suggest that Betty did not enjoy an unbridled right to amend the trust following the death of the other settlor. But vis-à-vis the proceeds of the property sale,

this argument is for naught unless, but for the amendment, Michael was a cotrustee at the time of the sale. This is because article IV of the original trust document provided as follows:

> During the Settlors' lifetime, the Trustees, in the Trustees' sole discretion, may pay, invade, or apply the income or corpus, or so much as they may choose, to or for the benefit, support and maintenance of the initial primary beneficiaries, Dennis R. Dowdy and Betty L. Dowdy, or the survivor, and may add to principal any income not so expended. The judgment of the Trustees, as to propriety and amount of such payment, shall be conclusive.

Thus, if Betty was the only trustee following the death of her husband, she had sole and unfettered authority to sell the trust property for her own benefit.

Michael claims to be a successor cotrustee under article III of the original trust:

> A. <u>Initial Trustee</u>    The Initial Trustees of this Trust are Dennis R. Dowdy and Betty L. Dowdy, or the survivor, to serve with all of the obligations, powers, and authority contained within this Trust Declaration.
>
> B. <u>Successor Trustee</u>    In the event of the <u>death of each of the Initial Trustees</u>, Dennis R. Dowdy and Betty L. Dowdy, or if for any reason, such as by resignation or as a result of physical or mental incapacity, as determined by the certificate of two licensed medical doctors, the Initial Trustees cease to serve as Trustees hereunder, the Settlors nominate and appoint Settlors' son and stepson, Michael R. Dowdy [Dennis's son], and Settlors' daughter and stepdaughter, Deborah Ann Andrews [Betty's daughter], as Co-Successor Trustees, without the need for approval by any judicial authority.

(Emphasis supplied.)

In Michael's view, the phrase "death of each" meant the death of either initial trustee. Therefore, he asserts that he became a cotrustee with Betty upon his

- 4 -

father's death.  Notably, however, the trust document also named Michael's stepsister, Deborah Andrews, as a co-successor trustee, and it did not specify that one of them in particular would succeed a particular deceased initial trustee.  In other words, whereas Michael claims to have become a cotrustee with Betty when his father died, under his construction of article III he would have become one of three cotrustees along with Betty and Deborah.

On the other hand, the provision's failure to assign a specific successor to a particular deceased initial trustee is consistent with our view that the succession of trustees occurred only upon the death of both initial trustees.  This view is confirmed by the use of the same phraseology elsewhere in the original trust document.  See Roberts v. Sarros, 920 So. 2d 193, 195 (Fla. 2d DCA 2006) (noting that when determining the settlors' intent, the instrument must be read as a whole rather than in isolated words and phrases).

Article V provides:

> After the death of each of the Settlors, the Co-Successor Trustees are directed to liquidate the Trust Estate and immediately pay and distribute the Trust Estate to the children and stepchildren of the Settlors, namely, Michael R. Dowdy, John D. Dowdy, Tracy L. Weston, William Edward Nasrallah, and Deborah Ann Andrews, in equal one-fifth shares, but if any of them shall predecease the Settlors, then such share shall be distributed to the lineal heirs of that individual, per stirpes.

(Emphasis supplied.)  Clearly, in this instance the phrase "death of each" must mean the death of both.  Otherwise, the article's direction to liquidate the trust estate and immediately distribute it to the settlors' children would nullify article IV's grant of authority to invade the income or corpus of the trust for the benefit of the initial primary

beneficiaries "<u>or the survivor</u>." Indeed, upon the death of one settlor it would altogether nullify the survivor's status as beneficiary. This, of course, would be an absurd interpretation in complete contravention of a central purpose of the trust.

There is nothing in the original trust document to suggest that the phrase "death of each" has a different meaning in article III. To the contrary, that article is otherwise consistent with this interpretation. We conclude, then, that Michael did not succeed Dennis as a trustee when Dennis died. At all times thereafter, Betty has been the sole trustee and beneficiary of the trust, regardless of the validity vel non of the 2011 amendment. As such, she had sole authority and discretion to sell the remaining trust property for her own benefit. Because Michael"s lawsuit cannot prevail as it relates to the proceeds of that sale, the temporary injunction must fail.

Reversed.

LaROSE and SALARIO, JJ., Concur.