NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BALTAZAR SALAZAR and WALTER )
SALAZAR PEST CONTROL, )
          )
      Appellants, )
          )
v. )      Case No. 2D16-4123
          )
HOMETEAM PEST DEFENSE, INC., )
f/k/a ROLLINS H T, INC., )
          )
      Appellees. )
_____)

Opinion filed November 17, 2017.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Lee County; John
Duryea, Judge.

Brooke A. Bach and Jonathan E. Pollard of
Pollard, PLLC, Fort Lauderdale, for
Appellants.

Simona V. Popova and Mark E. Grimes of
Golden & Grimes LLP, Miami, for Appellee.


LaROSE, Chief Judge.

          Baltazar Salazar, a former pest control technician with Hometeam Pest

Defense, Inc., appeals the trial court's nonfinal order granting Hometeam's motion for

temporary injunction. We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(B). We

reverse and remand for the trial court to enter an order consistent with the requirements of Florida Rule of Civil Procedure 1.610.

## Background Facts

Mr. Salzar began working for Hometeam in late 2009 pursuant to a written employment agreement that contained a noncompete provision. Among other things, this restrictive covenant prohibited Mr. Salazar from directly or indirectly contacting or soliciting Hometeam customers following the end of his employment with Hometeam. The restrictive covenant also prevented Mr. Salazar from engaging in "pest control, exterminating, fumigating, or termite control business, in any capacity" within five specified Florida counties.

Hometeam fired Mr. Salazar in 2014. Later, after learning that Mr. Salazar had formed a competing pest control company, Hometeam sued Mr. Salazar in late 2015 seeking temporary and permanent injunctive relief.

In June 2016, the trial court conducted an evidentiary hearing on Hometeam's motion for a temporary injunction. Hometeam offered the testimony of its general manager, and a private investigator. In his defense, Mr. Salazar testified, as did the owner of a home watch company who had referred prospective pest control clients to Mr. Salazar. At the conclusion of the hearing, the trial court made no oral findings of fact or rulings. Instead, the trial court invited the parties to submit proposed orders.

The trial court entered an order granting Hometeam's motion, finding that Mr. Salazar was in violation of the noncompete provision of the employment agreement. The order largely adopted Hometeam's proposed order.

## Analysis

"A trial court's ruling on a motion for a temporary injunction is clothed with a presumption of correctness, subject to reversal only for an abuse of discretion." Orkin Extermination Co. v. Tfank, 766 So. 2d 318, 319 (Fla. 4th DCA 2000). However, a temporary injunction "should be granted only sparingly and only after the moving party has alleged and proved facts entitling it to relief." Morgan v. Herff Jones, Inc., 883 So. 2d 309, 313 (Fla. 2d DCA 2004).

Mr. Salazar raises a number of claims attacking the order before us. Because the order is deficient on its face, we do not address the merits of his contentions.

The order recites no factual findings. The single sentence assessing whether an injunction should issue, states only that "[t]he court finds [Mr. Salazar] to be in violation of the enforceable restrictive covenant not to complete [sic] set forth in his . . . Employment Agreement."

"The issuance of a temporary injunction remains an extraordinary remedy, granted sparingly." Charlotte County v. Grant Med. Transp., Inc., 68 So. 3d 920, 922 (Fla. 2d DCA 2011) (citing Yardley v. Albu, 826 So. 2d 467, 470 (Fla. 5th DCA 2002)); Allied Universal Corp. v. Given, 223 So. 3d 1040, 1042 (Fla. 3d DCA 2017) ("A temporary injunction is an extraordinary and drastic remedy which should be sparingly granted." (quoting Cordis Corp. v. Prooslin, 482 So. 2d 486, 489 (Fla. 3d DCA 1986))). Nevertheless, the legislature has instructed us to "construe a restrictive covenant in favor of providing reasonable protection to all legitimate business interests established by the person seeking enforcement." § 542.335(1)(h), Fla. Stat. (2009).

- 3 -

Despite the legislature's directive, "[a] temporary injunction requires strict compliance with Florida Rule of Civil Procedure 1.610." Coscia v. Old Fla. Plantation, Ltd., 828 So. 2d 488, 490 (Fla. 2d DCA 2002). Rule 1.610(c) specifies that "[e]very injunction shall specify the reasons for entry." The issuance of a temporary injunction requires the movant to plead and prove the following elements: "(1) a likelihood of irreparable harm; (2) unavailability of an adequate legal remedy; (3) a substantial likelihood of succeeding on the merits; and (4) considerations of the public interest support the entry of the injunction." Masters Freight, Inc. v. Servco, Inc., 915 So. 2d 666, 666 (Fla. 2d DCA 2005); see also Polk County v. Mitchell, 931 So. 2d 922, 926 (Fla. 2d DCA 2006).

"[T]he trial court's order must contain '[c]lear, definite, and unequivocally sufficient factual findings [to] support each of the four conclusions necessary to justify entry of a preliminary injunction.' " Liberty Fin. Mortg. Corp. v. Clampitt, 667 So. 2d 880, 881 (Fla. 2d DCA 1996) (quoting City of Jacksonville v. Naegele Outdoor Advert. Co., 634 So. 2d 750, 754 (Fla. 1st DCA 1994) (alterations in original) (Naegele I), approved, 659 So. 2d 1046 (Fla. 1995) (Naegele II)); see also Masters Freight, Inc., 915 So. 2d at 666-67 ("[T]he findings supporting the four elements must be clear, definite, and unequivocal." (citing Snibbe Napoleonic Soc'y of Am., Inc., 682 So. 2d 568, 570 (Fla. 2d DCA 1996), disapproved on other grounds by Kitroser v. Hurt, 85 So. 3d 1084, 1089-90 (Fla. 2012))). To allow meaningful appellate review, "an order granting a temporary injunction must contain more than conclusory legal aphorisms" and "do more than parrot each tine of the four-prong test." Naegele II, 659 So. 2d at 1048 (quoting Naegele I, 634 So. 2d at 753-54).

- 4 -

"This court has long held that [rule 1.610(c)] requires the injunction to include specific findings regarding the likelihood of irreparable harm, unavailability of an adequate remedy at law, substantial likelihood of success on the merits, and considerations of public policy." McCue v. Heritage Farms Prop. Ass'n, 141 So. 3d 672, 673-74 (Fla. 2d DCA 2014) (reversing and remanding for further proceedings because "the order does not 'specify the reasons for entry,' as required by Florida Rule of Civil Procedure 1.610(c)"); see, e.g., Williams v. Victim Justice, P.C., 198 So. 3d 822, 826 (Fla. 2d DCA 2016) (reversing and remanding for further proceedings where the trial court's order failed to "recite sufficient factual findings to show us that appellees satisfied each element needed for entry of a temporary injunction"); Dowdy v. Dowdy, 182 So. 3d 807, 809 (Fla. 2d DCA 2016) ("Here, the circuit court's order contained no factual findings or legal analysis, and it is vulnerable to reversal for that reason alone."); Cadicamo v. Alite, 4 So. 3d 699, 700 (Fla. 2d DCA 2009) (reversing and remanding for further proceedings because the injunction order failed to make any factual findings to support essential elements of test for injunctive relief); Randolph v. Antioch Farms Feed & Grain Corp., 903 So. 2d 384, 385 (Fla. 2d DCA 2005) ("Of primary importance is the trial court's obligation to state sufficient factual findings in support of each element entitling a party to a temporary injunction. . . .  The single error of failing to provide sufficient findings requires us to reverse and remand for further proceedings.") (citations omitted); Bellach v. Huggs of Naples, Inc., 704 So. 2d 679, 680 (Fla. 2d DCA 1997) (reversing temporary injunction that failed to include the required specific findings).

Hometeam urges us to affirm the injunction order because the trial court conducted a "lengthy" "one-and-a-half hour evidentiary hearing with live witness

testimony." Furthermore, Hometeam contends, "the trial court's order was based on substantial record evidence," seemingly referring to the entire trial court record.

Be that as it may, the trial court's order is devoid of any findings of fact. The trial court must make these findings. See Farneth v. State, 945 So. 2d 614, 617 (Fla. 2d DCA 2006) ("A fundamental principle of appellate procedure is that an appellate court is not empowered to make findings of fact."); Douglass v. Buford, 9 So. 3d 636, 637 (Fla. 1st DCA 2009); cf. Stephens v. State, 748 So. 2d 1028, 1034 (Fla. 1999) (We recognize and honor the trial court's superior vantage point in assessing the credibility of witnesses and in making findings of fact."). Correspondingly, we "cannot employ the tipsy coachman rule where a lower court has not made factual findings on an issue and it would be inappropriate for an appellate court to do so." Bueno v. Workman, 20 So. 3d 993, 998 (Fla. 4th DCA 2009). Accordingly, we do not, as Hometeam describes it, "consider the trial court's order deficient based on, what is essentially a technicality."

In remanding for further proceedings, we note that Mr. Salazar raised two affirmative defenses—illegality and laches. The trial court's order makes no mention of these, nor does the record reflect that the trial court considered and disposed of them. This was error. Cf. Bradley v. Health Coal., Inc., 687 So. 2d 329, 334 (Fla. 3d DCA 1997) (reversing temporary injunction and remanding for consideration of former employee's affirmative defense of prior breach, which pertained to employer's burden of showing likelihood of success on the merits of the affirmative defenses as well as its prima facie case). On remand, the trial court must consider Mr. Salazar's affirmative defenses to Hometeam's motion for temporary injunction.

Reversed and remanded.

CRENSHAW, J., and LENDERMAN, JOHN C., ASSOCIATE SENIOR JUDGE, Concur.