# Third District Court of Appeal
## State of Florida

Opinion filed November 22, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1889
Lower Tribunal No. 21-27087
_____

**Offices at Grand Bay Plaza
Condominium Association, Inc.,**
Appellant,

vs.

**Grove at Grand Bay
Condominium Association, Inc., etc., et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Cole, Scott & Kissane, P.A., and Francesca M. Stein, and Therese A. Savona, for appellant.

Law Office of Alexis Gonzalez, P.A., and Alexis Gonzalez, and Alberto H. Orizondo; Mitrani, Rynor, Adamsky, & Toland, P.A., and Loren H. Cohen and Daniel S. Bitran, and Isaac J. Mitrani, for appellees.

Before FERNANDEZ, LINDSEY, and BOKOR, JJ.

PER CURIAM.

Appellees, Grove at Grand Bay Condominium Association, Inc. ("Residential Condo") and Grove at Grand Bay Offices, LLC ("Residential Unit") (collectively, "Residential"), sued Appellant, Offices at Grand Bay Plaza Condominium Association, Inc. ("Office Condo"), for access to 14 parking spaces on Office Condo's property, arguing a right-of-way via an express easement created by previous owners of the adjoining properties. The trial court's nonfinal order, which Office Condo timely appeals, granted Residential a temporary injunction and a prejudgment writ of replevin for access to the 14 spaces. We affirm the trial court's order on the merits to the extent that it granted a writ of replevin and a temporary injunction. However, to the extent that the trial court's order failed to set a bond as statutorily required, we reverse.

Florida Rule of Civil Procedure 1.610(b) states, "No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper . . . ." An injunction that fails to require the movant to post bond is defective, and "[t]he trial court cannot waive this requirement nor can it comply by setting a nominal amount." Bellach v. Huggs of Naples, Inc., 704 So. 2d 679, 680 (Fla. 2d DCA 1997); see also Crow, Pope & Carter, Inc. v. James, 349 So. 2d 827, 828 (Fla. 3d DCA 1977)

2

(holding that the issuance of a temporary injunction without posting a bond is reversible error); <u>Two Islands Dev. Corp. v. Clarke</u>, 157 So. 3d 1081, 1084 (Fla. 3d DCA 2015) (requiring the trial court to "promptly set the bond in an appropriate amount" if appellees obtain a temporary injunction).  "The trial court must set the bond after providing both parties with the opportunity to present evidence regarding the appropriate amount." <u>Bellach</u>, 704 So. 2d at 680; <u>see also</u> <u>Forrest v. Citi Residential Lending, Inc.</u>, 73 So. 3d 269, 279-80 (Fla. 2d DCA 2011) (reversing the trial court's order because "[n]o temporary injunction shall be entered unless a bond is given" and directing the trial court to "promptly set the bond in an appropriate amount after providing the parties . . . with an opportunity to be heard on this issue" (quoting Fla. R. Civ. P. 1.610(b))); <u>see also</u> <u>Pledger Tr. Series 28, LLC v. Apeiron Holdings Miami, LLC</u>, 306 So. 3d 1115, 1116 (Fla. 3d DCA 2020) (reversing the trial court's order insofar as it failed to set a bond and "remand[ing] to the trial court with directions to conduct an evidentiary hearing to set an appropriate bond" because appellant "was not given an opportunity to present evidence on the amount of the bond").

On remand, the trial court must "set the bond in an appropriate amount after providing the parties to the litigation and the interested nonparties with an opportunity to be heard on this issue." <u>Forrest</u>, 73 So. 3d at 280.

3

Affirmed in part, reversed in part and remanded.