# Third District Court of Appeal

## State of Florida

Opinion filed September 11, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-134
Lower Tribunal No. 22-11442
_____

## First Born Again Baptist of North Miami, Inc.,
Appellant,

vs.

## First Baptist Church of Greater Miami,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Metschlaw, P.A., and Lawrence R. Metsch (Hollywood), for appellant.

Pierre Simon and Faudlin Pierre (Ft. Lauderdale), for appellee.

Before LINDSEY, MILLER, and GOODEN, JJ.

LINDSEY, J.

Appellant First Born Again Baptist of North Miami ("First Born") appeals

from a non-final order granting Appellee First Baptist Church of Greater

Miami's ("First Baptist") emergency motion for temporary injunction.[1]  The order requires First Born to allow First Baptist access to a church and pastorium, thereby maintaining the status quo until final resolution of the underlying ejectment action.  First Born raises two arguments on appeal: (1) the temporary injunction is barred by the doctrine of res judicata due to a sanctions/dismissal order entered in a separate 2017 case, and (2) the order is facially deficient because it fails to describe in reasonable detail the act or acts restrained.  We hold that the trial court did not abuse its discretion in granting the temporary injunction because res judicata does not apply and the order is not facially deficient.  Accordingly, we affirm.

## I.    BACKGROUND

This appeal stems from a dispute over the ownership and possession of a church in Biscayne Gardens, the details of which are largely irrelevant here.  In April 2017, First Baptist filed an action against Miami Baptist Association, Inc. and others, including First Born, alleging they fraudulently obtained title to the church property.  In October 2023, the trial court

---

[1] This Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B), which authorizes appellate review of non-final orders that "grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions . . . ."

dismissed First Baptist's 2017 action, with prejudice, as a sanction for discovery violations.[2]

In June 2022, First Born filed the underlying ejectment action against First Baptist, which involves the same property. First Born alleged that First Baptist was in possession of a pastorium and part of a church that First Born owned. First Baptist filed an answer, several affirmative defenses, and a counterclaim that largely mirrored its 2017 action.

In May 2023, First Born changed the locks, preventing First Baptist from accessing the church and pastorium. In response, First Baptist amended its counterclaim, adding claims for forcible entry, unlawful entry, unlawful detainer, trespass, conversion, ejectment, and for injunctive relief. First Baptist also filed an emergency motion for temporary injunction seeking to restore its access to the property. In its motion, First Baptist asserted that it has used the property for over 70 years and that it is the true owner of the property. First Baptist further argued that First Born's self-help measures have prevented First Baptist from conducting church services and deprived it of personal property.

---

[2] First Baptist appealed the dismissal (3D23-1975). As of the date of this opinion, briefing is in progress.

3

First Born filed a response, arguing that the injunction should be denied because First Baptist cannot show likelihood of success on the merits of its counterclaim because the counterclaim is barred by res judicata due to the dismissal of First Baptist's 2017 action.

The trial court held a hearing on First Baptist's motion and rendered a detailed order granting the temporary injunction. The court concluded that First Baptist had a substantial likelihood of success on the merits of its unlawful detainer counterclaim. The court rejected First Born's res judicata argument because the dismissal of the 2017 case was not a decision on the merits. The court further explained that the 2017 action involved title and did not determine lawful possession:

> Moreover, [First Baptist's counterclaim], sounding in unlawful detainer, does not involve *title* to the property but *possession*, which is to say that [First Baptist] could have been in lawful possession of the property at the time of the self-help notwithstanding [First Born's] rightful title.

First Born timely appealed.

## II.    ANALYSIS

We review the trial court's temporary injunction order under the abuse of discretion standard.[3] See, e.g., Jackson v. Echols, 937 So. 2d 1247, 1249

---

[3] Legal conclusions are subject to de novo review. See, e.g., Alonso-Llamazares v. Int'l Dermatology Research, Inc., 339 So. 3d 385, 392 (Fla. 3d DCA 2022).

4

(Fla. 3d DCA 2006) ("The trial court is afforded broad discretion in granting, denying, dissolving, or modifying injunctions, and unless a clear abuse of discretion is demonstrated, an appellate court must not disturb the trial court's decision."). "The requirements for establishing the right to a temporary injunction are: the likelihood of irreparable harm; the unavailability of an adequate remedy at law; the substantial likelihood of success on the merits; the threatened injury to the petitioner outweighs the possible harm to the respondent; and the granting of the temporary injunction will not disserve the public interest." City of Miami Beach v. Kuoni Destination Mgmt., Inc., 81 So. 3d 530, 532 (Fla. 3d DCA 2012). The only requirement at issue here is substantial likelihood of success on the merits.

First Born argues that First Baptist has no likelihood of success on the merits of its counterclaim due to res judicata. Specifically, First Born contends that the dismissal of First Baptist's 2017 action was a decision on the merits and bars First Baptist's counterclaim. See Fla. R. Civ. P. 1.420(b) ("[A] dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.").

Though it is true that First Baptist's initial counterclaim largely mirrored its 2017 action, First Born's res judicata argument fails to address First

5

Baptist's amended counterclaim.[4] After First Born changed the locks, First Baptist added additional claims, including one for unlawful detainer. The 2017 action did not decide this issue; therefore, res judicata simply does not apply. See Fla. Dept. of Transp. v. Juliano, 801 So. 2d 101, 105 (Fla. 2001) ("Based on principles of res judicata, a judgment on the merits will thus bar 'a *subsequent* action between the same parties *on the same cause of action.*'" (quoting Youngblood v. Taylor, 89 So. 2d 503, 505 (Fla. 1956)) (second emphasis added)).

First Born also contends that the order is facially deficient because it "fails to enlighten [First Born] concerning its permissible and impermissible interactions with [First Baptist]." See Fla. R. Civ. P. 1.610(c) ("Every injunction shall . . . describe in reasonable detail the act or acts restrained . . . ."). We conclude that the order is not facially deficient.

The trial court's detailed order sets forth the reason for the injunction as follows:

> On May 19, 2023, while [First Baptist] was in use of the property for worship services and pastorium (private living quarters used and reserved for the pastor and his family), [First Born], while its ejectment action against [First Baptist] was pending,

---

[4] Both the trial court and First Baptist point to the unlawful detainer counterclaim, which was not and could not be decided by the dismissal of the 2017 case. First Born's initial brief does not address this counterclaim. Moreover, First Born has not filed a reply brief addressing First Baptist's answer brief.

6

took self-help measures by changing the locks to the church, preventing [First Baptist] from accessing and using the property. In response, on the same day, May 19, 2023, [First Baptist] filed a verified motion for temporary injunction seeking to restore the status quo . . . .

In granting the motion, the order clearly requires First Born to restore First Baptist's access to the property:

At the hearing on [First Baptist's] motion, it was established that [First Baptist] had been using this property for over 70 years. . . . This free access to real and personal property was the status quo before [First Born] filed its ejectment action . . . . Thus, a temporary injunction granted in [First Baptist's] favor would merely require [First Born] to remove the locks, undoing the self-help, and allow [First Baptist] to continue using the property as it had until the underlying case resolves, determining which party is the lawful and rightful owner; or alternatively, whether [First Baptist] has a legally-recognizable possessory interest notwithstanding [First Born's] alleged legal title, as pleaded in [First Baptist's] countersuit for unlawful detainer.

The trial court therefore did not abuse its discretion in granting the temporary injunction, thereby preserving the status quo until final adjudication of the underlying action. See Coscia v. Old Fla. Plantation, Ltd., 828 So. 2d 488, 490 (Fla. 2d DCA 2002) ("The general function of a temporary injunction is to preserve the status quo for disputing parties until the court is able to resolve the underlying dispute on its merits.").

Affirmed.